F I L E D
Clerk
District Court

OCT 31 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

1  CARLSMITH BALL LLP

2  DAVID LEDGER
   JOHN D. OSBORN
3  Carlsmith Ball LLP Building
   Capitol Hill
4  Post Office Box 5241
   Saipan, MO 96950-5241
5  Tel No. 670.322.3455

6  Attorneys for Defendant
   Aviation Services (CNMI), Ltd. dba Freedom Air
7

8
                    UNITED STATES DISTRICT COURT
9
                              FOR THE
10
                    NORTHERN MARIANA ISLANDS
11

12
                                          CIVIL ACTION NO. 05-0033
13  MOSES T. FEJERAN and
    QIANYAN S. FEJERAN,
14
              Plaintiffs,
15                                        DEFENDANT'S NOTICE OF
    vs.                                   REMOVAL; EXHIBIT A;
16                                        CERTIFICATE OF SERVICE
    AVIATION SERVICES (CNMI), LTD.
17  dba FREEDOM AIR,

18            Defendant.

19

20
        Pursuant to 28 U.S.C. §§1331 and 1332, Defendant hereby removes the above action
21
    from the Superior Court of the CNMI to this Court on the following grounds:
22

23      1.    The above action was filed in the Superior Court of the CNMI as Civil Case No.

24  05-0437E on October 11, 2005, and is now pending in that Court. Defendant first learned of the

25  action on November 11, 2005.

26
        2.    This Court has federal question jurisdiction under 28 U.S.C. § 1331 in that the
27
    civil action arises under a treaty of the United States, specifically the Warsaw Convention, and
28

4827-6306-2528.1.000901-00030

1  all amendments thereto.

2  3. Alternatively, removal is pursuant to 28 U.S.C. §1332 in that the complaint filed in CV05-0437E incorrectly identifies the Defendant as Aviation Services (CNMI) Ltd., a CNMI corporation. Aviation Services (Guam) does business as Freedom Air, owns and operates the aircraft and the disembarkation stair said to be involved in the incident, and manages the flight operations for Flight 200, the flight on which the alleged incident occurred. The only proper Defendant is Aviation Services Ltd. (Guam), a Guam corporation.

4. Copies of all process, pleadings and Orders served upon Defendant are attached as Exhibit "A" and filed herewith.

DATED: Hagåtña, Guam, October 31, 2005.

CARLSMITH BALL LLP

/s/ David Ledger

DAVID LEDGER
JOHN D. OSBORN
Attorneys for Defendant
Aviation Services (CNMI), Ltd.
dba Freedom Air

Oct 13 05 10:18a        Freedom Air             47    80              p.3

COPY

DAVID G. BANES, Esq.
O'Connor Berman Dotts & Banes
Second Floor, Nauru Building
P.O. Box 501969
Saipan, MP 96950
Telephone No. (670) 234-5684
Facsimile No. (670) 234-5683

Attorneys for Plaintiffs Moses T. and Qianyan S. Fejeran

IN THE SUPERIOR COURT
OF THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

MOSES T. FEJERAN and                  ) CIVIL ACTION NO. 05-0437E
QIANYAN S. FEJERAN,                   )
                                      )
            Plaintiffs,               )
                                      ) COMPLAINT AND DEMAND
     vs.                              ) FOR JURY TRIAL
                                      )
AVIATION SERVICES (CNMI), LTD.        )
d.b.a. FREEDOM AIR,                   )
                                      )
            Defendant.                )
                                      )

Plaintiffs Moses T. Fejeran and Qianyan S. Fejeran, by and through counsel, hereby allege, as follows:

JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to the Commonwealth Trial Act, as amended, 1 CMC Section 3001 et. seq., and specifically 1 CMC Section 3202.

2.      The factual and jurisdictional grounds upon which Plaintiffs' claims are premised entitle Plaintiffs to a trial by jury. Plaintiffs hereby demand a trial by jury on Saipan.

1
3189-01-050815-PL-Complaint-rcr

**EXHIBIT A**

## PARTIES

3. Plaintiff Moses T. Fejeran ("Mr. Fejeran") is an individual and a citizen of the United States of America currently residing in the Commonwealth of the Northern Marian Islands.

4. Plaintiff Qianyan S. Fejeran ("Mrs. Fejeran") is an individual and a citizen of the United States of America currently residing in the Commonwealth of the Northern Mariana Islands.

5. At all times relevant to this action, the Plaintiffs were, and are, husband and wife.

6. Defendant Aviation Services, Ltd. dba Freedom Air, ("Freedom Air"), on information and belief, is a domestic corporation doing business in the Commonwealth of the Northern Mariana Islands. At all times relevant to this complaint, Freedom Air operated an airline business located in the Islands of Saipan, Rota and Tinian.

## FACTS

7. At all times mentioned in this Complaint, Freedom Air, was owned, managed and /or operated by Aviation Services, Ltd.

8. Defendant Freedom Air invited the general public, including Mr. Fejeran, to use their aircrafts to travel to and from the CNMI and the Territory of Guam.

9. On or about January 18, 2005 Mr. Fejeran was a passenger of Freedom Air flight 200 from Saipan to Rota (the "flight").

2
3189-01-050815-PL-Complaint-rcr

10. After the flight landed, Freedom Air personnel positioned a rolling stairway ("the stairway") so as to allow passengers to disembark from the aircraft. As Mr. Fejeran was descending the stairway, because the stairway was unsafe, he lost his footing and fell down striking his right knee on the ground.

11. The fall caused Mr. Fejeran to suffer severe injuries, including, without limitation, a sprained ankle and a torn posterior cruciate ligament all resulting in severe pain. Mr. Fejeran also suffered and continues to suffer significant mental pain and anguish.

12. Mr. Fejeran sought treatment for his injuries at the Commonwealth Health Center ("CHC") where he was treated by Dr. Thomas Austin ("Dr. Austin").

13. Pursuant to orders from Dr. Austin, Mr. Fejeran had magnetic resonance image of his right knee taken by Dr. Nathaniel B. Berg ("Dr. Berg") who concluded that Mr. Fejeran had suffered from a torn posterior cruciate ligament.

14. On information and belief, other passengers have fallen while negotiating the type of stairway in question as they have disembarked from Freedom Air aircraft.

**FIRST CAUSE OF ACTION**
**NEGLIGENCE**

15. Plaintiff repeats, realleges, and incorporate herein by reference, each and every allegation contained in paragraphs 1 through 14.

3
3189-01-050815-PL-Complaint-rcr

Oct 13 05 10:19a        Freedom Air                  472    80                  p.6

16. Defendant had a duty to maintain its aircraft and the associated embarkation and disembarkation equipment in a reasonably safe condition that would allow people including, without limitation, airline passengers and other invitees to safely enter and exit the aircraft.

17. Defendant breached this duty by, *inter alia*:

   a. Negligently and carelessly failing to install appropriate hand rails and/or other appropriate safety devices for the stairway with a wanton and reckless disregard for the safety of people using the stairway including Mr. Fejeran;
   b. Failing to warn Mr. Fejeran of the danger presented by the unsafe condition of the stairway;
   c. Failing to secure the stairway in question to prevent it from swaying dangerously from side to side;
   d. Failing to properly train flight attendants and station personnel in assisting passengers with safely disembarking the aircraft;
   e. Failing to install a non-slip surface on the stairway; and/or
   f. Failing to clean, dry and/or otherwise maintain the stairs in a reasonably safe condition.

18. Defendant also failed to otherwise exercise due care with respect to the matters alleged in this Complaint.

19. Defendant's breach of the duty owed to Mr. Fejeran caused the stairway to be unreasonably dangerous for his use.

4
3189-01-050815-PL-Complaint-rcr

20. As a direct and proximate result of the negligence of the Defendant as set forth above, Mr. Fejeran lost his footing and fell while descending the stairway.

21. At all relevant times, Mr. Fejeran exercised due and reasonable care for himself.

22. As a further direct and proximate result of the negligence of Defendant as set forth above, Mr. Fejeran was severely injured. The injuries caused by the fall, caused Mr. Fejeran to suffer tremendous mental pain and anguish. As a further result of his injuries, Mr. Fejeran has been, is now and will be in the future, prevented from participating in and enjoying the normal pleasures of life to which he was formerly accustomed. Moreover, Mr. Fejeran presently and in the future will continue to suffer physical pain and mental anguish and will continue to incur medical, hospital and related expenses.

23. By failing to make sure the stairway was safe for guests such as Mr. Fejeran, Defendant acted with a wanton or reckless disregard for the safety and well-being of its guests including Plaintiff Mr. Fejeran.

24. Accordingly, Mr. Fejeran has sustained and incurred damages in an amount according to proof at trial.

## SECOND CAUSE OF ACTION
## LOSS OF CONSORTIUM

25. Plaintiffs repeat and reallege, and incorporate herein by reference, each and every allegation contained in paragraphs 1-14 and 16 to 24 above.

5
3189-01-050815-PL-Complaint-rcr

26. Before suffering the above-described injuries, Mr. Fejeran was able to, and did, perform all the duties of a husband, including assisting in maintain the home, and providing love, companionship, affection, society, sexual relations, moral support and solace to Plaintiff Mrs. Fejeran.

27. As a direct and proximate result of the above-described injuries, Mr. Fejeran has been unable to perform the duties of a husband, in that he can no longer assist with the housework, provide love and physical and emotional affection, participate in family, recreational or social activities with Mrs. Fejeran.

28. Due to the nature and extent of the injuries sustained by Mr. Fejeran, and the severe physical and psychological strains they cause him, Mr. Fejeran is no longer able to provide Mrs. Fejeran with love, companionship, affection, society, moral support and solace.

29. Because of the above-described injuries, Mr. Fejeran will be unable to perform these duties in the future. Mrs. Fejeran is therefore deprived and will be permanently deprived of her husband's consortium, all to Mrs. Fejeran's damage in a total amount to be established by proof at trial.

## PRAYER

WHEREFORE, Plaintiffs pray for relief as follows:

i. For general, special and statutory damages in an amount to be proven at trial.
ii. For prejudgment interest as allowed by law.
ii. For attorney fees and costs of suit.
iv. For such other and further relief as may be just and/or what the Court may deem appropriate.

Oct 13 05 10:19a        Freedom Air                  472  80                    p.9

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial with respect to all issues so triable.

Dated: October 11, 2005.

O'CONNOR BERMAN DOTTS & BANES
Attorney for Plaintiffs Moses T. and
Qianyan S. Fejeran

By: _____
David G. Banes
CNMI Bar ID No. F0171

7
3189-01-050815-PL-Complaint-rcr

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the _3/_ day of October 2005, I will cause to be served, via hand delivery, a true and correct copy of **DEFENDANT'S NOTICE OF REMOVAL; EXHIBIT A** upon the following Counsels of record:

>David G. Banes, Esq.
>O'Connor Berman Dotts & Banes
>Second Floor, Nauru Building
>Post Office Box 501969
>Saipan, MP 96950

DATED: Hagåtña, Guam, October _3/_, 2005.

CARLSMITH BALL LLP

DAVID LEDGER
JOHN D. OSBORN
Attorneys for Defendant
Aviation Services (CNMI), Ltd.
dba Freedom Air

4827-6306-2528.1.000901-00030            -3.-