FILED
Clerk
District Court

OCT 3 1 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

1   CARLSMITH BALL LLP

2   DAVID LEDGER
    JOHN D. OSBORN
3   Carlsmith Ball LLP Building
    Capitol Hill
4   Post Office Box 5241
    Saipan, MO 96950-5241
5   Tel No. 670.322.3455

6   Attorneys for Defendant
    Aviation Services (CNMI), Ltd. dba Freedom Air
7

8
                    UNITED STATES DISTRICT COURT
9
                              FOR THE
10
                    NORTHERN MARIANA ISLANDS
11

12
                                        CIVIL ACTION NO. **05 - 0033**_____
13   MOSES T. FEJERAN and
     QIANYAN S. FEJERAN,
14
                    Plaintiffs,
15                                      **DEFENDANT'S ANSWER TO**
                                        **PLAINTIFFS COMPLAINT AND**
16        vs.                           **DEMAND FOR JURY TRIAL;**
                                        **CERTIFICATE OF SERVICE**
17   AVIATION SERVICES (CNMI), LTD.
     dba FREEDOM AIR,
18
                    Defendant.
19

20        1.      Paragraph 1 of the Complaint is denied.

21        2.      Plaintiffs' right to a jury trial, or not, is a matter of law.

22        3.      The allegations of paragraph 3 are denied on grounds of lack of sufficient

23   information to either admit or deny the allegations.

24        4.      The allegations of paragraph 4 are denied on grounds of lack of sufficient

25   information to either admit or deny the allegations.

26        5.      The allegations of paragraph 5 are denied on grounds of lack of sufficient

27   information to either admit or deny the allegations.

28

4829-6438-9120.1.000901-00030

1    6.    The allegations of paragrpah 6 are denied.

2    7.    The allegations of paragraph 7 are denied.

3    8.    Freedom Air holds itself out as a certificated air carrier for routes including flights

4    from the CNMI to Guam, U.S.A..

5    9.    It is admitted that Moses Fejeran was a passenger on Flight 200 on January 18,

6    2005.

7

8    10.    Paragrpah 10 is denied.

9    11.    Paragrpah 11 is denied.

10    12.    The allegations of paragraph 12 are denied on grounds of lack of sufficient

11    information to either admit or deny the allegations.

12    13.    The allegations of paragraph 13 are denied on grounds of lack of sufficient

13    information to either admit or deny the allegations.

14

15    14.    Paragraph 14 is denied.

16    15.    The above answers to paragraphs 1 - 14 are incorporated herein.

17    16.    Parargraph 16 is denied.

18    17.    Paragraph 17 is denied.

19    18.    Paragraph 18 is denied.

20    19.    Paragraph 19 is denied.

21

22    20.    Paragraph 20 is denied.

23    21.    Paragraph 21 is denied.

24    22.    Paragraph 22 is denied.

25    23.    Paragraph 23 is denied.

26    24.    Paragraph 24 is denied.

27    25.    The above answers to paragraphs 1 - 24 are incorporated herein.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

26.     The allegations of paragraph 26 are denied on grounds of lack of sufficient information to either admit or deny the allegations.

27.     Paragraph 27 is denied.

28.     The allegations of paragraph 28 are denied on grounds of lack of sufficient information to either admit or deny the allegations.

29.     The allegations of paragraph 29 are denied on grounds of lack of sufficient information to either admit or deny the allegations.

<u>DEFENSES</u>

1.     The complaint fails to state a cause of action under the applicable law.

2.     The complaint fails to state a claim upon which relief may be granted.

3.     Defendant neither caused nor contributed to cause any losses or damages Plaintiffs may have sustained.

4.     Defendant neither caused nor contributed to cause any losses or damages Plaintiffs may have sustained nor breached any duty owed to Moses Fejeran as an aircraft passenger or otherwise.

5.     The cause of the incident was not external to the passenger.

6.     Plaintiff Moses Fejeran was entirely at fault in causing the incident.

7.     Plaintiff Quianyan Fejeran's claim is barred because Moses Fejeran was entirely at fault in causing the incident.

8.     Plaintiffs' claims are barred or must be reduced to the extent that the acts or omissions of Plaintiffs, other parties or one or more third parties were partially or fully the proximate cause of any damages alleged and sustained by Plaintiffs.

9.     Plaintiffs' claims are barred or must be reduced in accordance with Plaintiffs' failure to mitigate any damages they may have sustained.

4829-6438-9120.1.000901-00030                              -3.-

10.    Plaintiffs' claims for damages are barred or limited because they are neither plead with sufficient specificity nor are they sustainable under the law applicable to the aircraft flight in question.

11.    Plaintiffs' claims for damages are barred or limited because they are neither plead with sufficient specificity nor are they sustainable under the international convention(s) governing the aircraft flight in question.

12.    Plaintiffs' claims are barred or must be reduced in accordance with fault attributable to Plaintiffs and others, said fault being partially or fully the proximate cause of any alleged loss or damages.

13.    Plaintiffs' prayer for relief and damages lacks sufficient specificity and seeks compensation for damages not available under applicable law and international conventions.

14.    Defendant reserves the right to assert additional defenses that may become apparent as discovery and investigation continues.  No such defense shall be deemed to have been waived.

DATED: Hagåtña, Guam, October 31, 2005.

CARLSMITH BALL LLP


DAVID LEDGER
JOHN D. OSBORN
Attorneys for Defendant
Aviation Services (CNMI), Ltd.
dba Freedom Air

4829-6438-9120.1.000901-00030                    -4.-

1

## CERTIFICATE OF SERVICE

2       The undersigned hereby certifies that on the 31st day of October 2005, I will cause to be

3   served, via hand delivery, a true and correct copy of **DEFENDANT'S ANSWER TO**

4   **PLAINTIFFS COMPLAINT AND DEMAND FOR JURY TRIAL** upon the following

5   Counsels of record:

6
                    David G. Banes, Esq.
7                   O'Connor Berman Dotts & Banes
                    Second Floor, Nauru Building
8                   Post Office Box 501969
                    Saipan, MP 96950
9

10      DATED: Hagåtña, Guam, October 31, 2005.

11  CARLSMITH BALL LLP

12                                      _____
                                        DAVID LEDGER
13                                      JOHN D. OSBORN
                                        Attorneys for Defendant
14                                      Aviation Services (CNMI), Ltd.
                                        dba Freedom Air

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4829-6438-9120.1.000901-00030                    -5.-