⸺AO88      (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# United States District Court

⸺ District of the Northern Mariana Islands ⸺

MOSES T. FEJERAN and
QIANYAN S. FEJERAN,         Plaintiffs,
                V.
AVIATION SERVICES (CNMI), LTD.
dba FREEDOM AIR,            Defendant.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:[1]  05-0033

TO: COMMONWEALTH HEALTH CENTER (SAIPAN)
    Custodian of Records
    Lower Navy Hill
    Saipan, MP 96950

☐ **YOU ARE COMMANDED** to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

PLEASE SEE SUBPOENA DUCES TECUM ATTACHED HERETO.

| PLACE  CARLSMITH BALL LLP<br>Capitol Hill, Carlsmith Ball LLP Building<br>Saipan, MP 96950 | DATE AND TIME<br>August 16, 2006<br>11:00 a.m. |
|---|---|

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>[signature]<br>Attorneys for Defendant | DATE<br>August 8, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David Ledger, Esq.
CARLSMITH BALL LLP                    #(671) 472-6813
Suite 401, Bank of Hawaii Building
134 West Soledad Avenue
Hagatna, Guam 96910

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

≈AO88    (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
| --- | --- | --- |
| SERVED | 8/8/06 | Melissa A. Sablan    CHC |

SERVED ON (PRINT NAME): Melissa A. Sablan

SERVED BY (PRINT NAME): Alfred C. Santos

MANNER OF SERVICE: Personally served

TITLE: Messenger

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 8/8/06

SIGNATURE OF SERVER

ADDRESS OF SERVER: P.O. Box 5241, Saipan, MP 96950

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D:**

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

   (2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

   (B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

   (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

      (i) fails to allow reasonable time for compliance,
      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
      (iv) subjects a person to undue burden.

   (B) If a subpoena

      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

   (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

   (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

1  CARLSMITH BALL LLP

2  DAVID LEDGER (CNMI BAR NO. F0195)
   Carlsmith Ball LLP Building
3  Capitol Hill
   Post Office Box 5241
4  Saipan, MP 96950-5241
   Tel No. 670.322.3455
5
   Attorneys for Defendant
6  Aviation Services (CNMI), Ltd. dba Freedom Air

7

8
                    UNITED STATES DISTRICT COURT
9
                              FOR THE
10
                    NORTHERN MARIANA ISLANDS
11

12

13  MOSES T. FEJERAN and              CIVIL ACTION NO. 05-0033
    QIANYAN S. FEJERAN,
14
                Plaintiffs,
15
    vs.                               **SUBPOENA DUCES TECUM;**
16                                    **CERTIFICATE OF SERVICE**
    AVIATION SERVICES (CNMI), LTD.
17  dba FREEDOM AIR,

18              Defendant.

19
    TO:  **COMMONWEALTH HEALTH CENTER (SAIPAN)**
20       **Custodian of Records**
         **Lower Navy Hill**
21       **Saipan, MP 96950**

22  Your deposition will be taken at the offices of Carlsmith Ball LLP, Capitol Hill,

23  Carlsmith Ball LLP Building, Saipan, MP 96950 on **Wednesday, August 16, 2006 at 11:00**

24  **o'clock a.m.** on behalf of Defendants in the above-entitled action. Please bring the following

25  items with you:

26
       1.   With regard to Moses T. Fejeran, all medical records, including x-ray films,
27
    fluoroscope films and MRI imaging of the right knee. Attached as Exhibit "A", is a copy of the
28

4847-5026-8929.1.059303-00001

1  Authorization for Release of Medical Records and Related Information.

2  DATED: Hagåtña, Guam, August 8, 2006.

3  CARLSMITH BALL LLP

4  _____
   DAVID LEDGER
5  Attorneys for Defendant
   Aviation Services (CNMI), Ltd.
6  dba Freedom Air

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4847-5026-8929.1.059303-00001                  2.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 8th day of August 2006, I will cause to be served, via hand delivery, a true and correct copy of **SUBPOENA DUCES TECUM** to the following Counsel of record.

> George L. Hasselback, Esq.
> O'Connor Berman Dotts & Banes
> Second Floor, Nauru Building
> Post Office Box 501969
> Saipan, MP 96950

DATED: August 8, 2006.

_____
DAVID LEDGER

4847-5026-8929.1.059303-00001              3.

# Authorization for Release of Medical Records and Related Information

I. **Information About the Use or Disclosure**

**I hereby authorize the use or disclosure of my individually identifiable health information as described below.** *I understand that this authorization is voluntary and that I may refuse to sign this authorization, and that I may revoke it at any time by submitting my revocation in writing to the entity providing the information.*

Patient name: **Fejeran, Moses T, DOB 7-30-40**          ID Number: **CHC # 10-33-19**

Persons/organizations authorized to provide the information:   **CHC**

Persons/organizations authorized to receive the information: **Carlsmith Ball LLP, Attorneys, and David P. Ledger, Attorney.**

Specific description of information to be used or disclosed (including date(s)): **Regarding only treatment rendered to treat the right leg, and inparticular the right knee, and/or ankle and/or hip, all medical records, including x-ray films, fluoroscope films, and MRI imaging of the right knee.**

Specific purpose of the disclosure: **Assessment of the injury by other physicians.**

Will the health plan or health care provider requesting the authorization receive financial or in-kind compensation in exchange for using or disclosing the health information described above?

No ___X___   Yes (describe) _____

This authorization will expire: **Upon disclosure of the medical records identified above.**

II. **Important Information About Your Rights**

I have read and understood the following statements about my rights:

- I may revoke this authorization at any time prior to its expiration date by notifying the providing organization in writing, but the revocation will not have any effect on any actions that the entity took before it received the revocation.

- I may see and copy the information described on this form if I ask for it.

- I am not required to sign this form to receive my health care benefits (enrollment, treatment, or payment).

- The information that is used or disclosed pursuant to this authorization may be redisclosed by the receiving entity. I have the right to seek assurance from the above-named persons/organizations

4847-3604-7105.1.000901-00030

EXHIBIT "A"

authorized to receive the information that they will not redisclose the information to any other party without my further authorization.

**III.   Signature of Patient or Patient's Representative**

_____        ___8/4/06_____
Signature of patient or patient's representative        Date
*(Form MUST be completed before signing.)*

Printed name of the patient's personal representative: _____

Relationship to the patient, including authority for status as representative: _____