**GEORGE L. HASSELBACK, Esq.**
**O'Connor Berman Dotts & Banes**
**Second Floor, Nauru Building**
**P.O. Box 501969**
**Saipan, MP 96950**
**Telephone No. (670) 234-5684**
**Facsimile No. (670) 234-5683**

**Attorneys for Plaintiffs Moses T. and Qianyan S. Fejeran**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **MOSES T. FEJERAN and QIANYAN S. FEJERAN,** <br><br> Plaintiffs, <br><br> vs. <br><br> **AVIATION SERVICES (CNMI), LTD. d.b.a. FREEDOM AIR,** <br><br> Defendant. | CIVIL ACTION NO. 05-0033 <br><br> **JOINT MOTION TO RE-SET TRIAL DATE** <br><br> Date: <br> Time: <br> Judge: Munson |

**1.   Introduction**

The parties, by and through counsel, hereby respectfully move this Court to vacate the current trial date set for the above-captioned matter and re-establish a trial new trial date so that the parties will have sufficient time for the respective experts to complete their work and to then conduct expert discovery.

Due to tight schedules, limited availability, and off-island locations of the expert witnesses retained by the parties, coupled with the expense and difficulty of transporting these experts to the CNMI to conduct necessary medical examinations and/or depositions, the current trial date set to commence on December 11, 2006 has become untenable.

**2.     Facts and Circumstances To Show Good Cause for Granting This Motion**

As this Court knows, the difficulty involved in locating and retaining expert witnesses is compounded because of the geographic isolation of the CNMI. The parties have retained several expert witnesses, all of whom live either on the U.S. mainland or Hawaii. Specifically, Plaintiff's have retained Mr. Frank Perez ("Mr. Perez") as a liability expert and Ms. Doris Schriver ("Ms. Shriver") as a life-care planning expert. As yet, Plaintiff has not retained a medical doctor to provide expert medical testimony, though Plaintiff may need to do so depending upon the opinions rendered by Defendant's medical expert. *See* Declaration of George Hasselback ("Hasselback Decl.") attached hereto as "Exhibit A".

Fortunately, Mr. Perez had the opportunity to conduct his evaluation of the aircraft stairway while recently in Guam on other business, but his preparation of his expert report is still expected to take until mid to late September at the earliest. *Id.* Since Defendant has also retained a liability expert (*See* Declaration of David Ledger ("Ledger Decl.") attached hereto as "Exhibit B"), once the individual expert reports are completed, time will be necessary for each expert to review their counterpart's opinions. This will further delay their final deposition and the conclusion of expert discovery. Eventual depositions of Mr. Perez and Defendant's liability expert could at best occur no earlier than late October to early November.

Additionally, Ms. Schriver, newly retained by Plaintiff as soon as the need for her became known and not objected to by defendant, will need to travel to the CNMI to conduct her examination of Plaintiff. Exhibit A. She had planned on traveling to Guam for a trial in mid-October, but this matter has settled. *Id.* She has no current plans to travel to the CNMI or Guam in the near future and arrangements must be made to get her and the Plaintiff in the same place

at the same time. *Id.* Plaintiff's counsel is attempting to coordinate this now, but with Ms. Schriver's busy schedule and the great distances involved this is proving to be difficult and likely not to occur before mid-October. *Id.* The parties are also looking at having Schriver's examination conducted in Hawaii at the same time Plaintiff will appear there for an IME. Regardless of the eventual location for Shriver's examination, she then will need time to complete her final report. Subsequent to that, the Defendant will need time to examine this report to determine if it will need to retain a rebuttal expert. Obviously, Plaintiff must allow sufficient time for rebuttal given Schriver's recent entry into the case. Again, under the best of circumstances, discovery as to Ms. Schriver's opinions and any rebuttal by Defendants will not be concluded until the very eve of the current trial date.

Furthermore, because of difficulties in obtaining a ***complete*** set of medical records from the Commonwealth Health Center, Defendant had to serve a subpoena on CHC to obtain missing items, and then had to serve an additional subpoena on Guam Radiology Clinic to obtain diagnostic films supposedly not in the possession of CHC. In the circumstances, Defendant has not been able to get a ***complete*** set of medical records to its medical expert, Dr. Peter Diamond ("Dr. Diamond") until relatively recently. *See* Ledger Decl. Though Dr. Diamond is currently formulating his opinions based on a review of medical records, the most likely scenario is that Dr. Diamond will not be able to complete a final report absent an IME. *Id.* As with the aforementioned experts, even giving Plaintiff's counsel the minimum reasonable time to examine this final report and prepare for Dr. Diamond's deposition, the deposition will be likewise pushed to very near the December 11th trial date. This does not even begin to contemplate the possibility that Plaintiff will need to hire a rebuttal medical expert should Dr. Diamond's opinions make that necessary.

**3.     Conclusion**

Based on the foregoing, the Parties respectfully request the Court to vacate the existing trial date and set this matter for a status conference to select a new trial date.

Dated: September 11, 2006.

                                O'CONNOR BERMAN DOTTS & BANES
                                Counsel for Plaintiffs Moses T. and
                                Qianyan S. Fejeran

By: /s/_____
        GEORGE L. HASSELBACK.

Dated: September 11, 2006.

                                Counsel for the Defendant
                                Aviation Services (CNMI), Ltd. dba
                                Freedom Air

By: /s/_____
        DAVID P. LEDGER