**GEORGE L. HASSELBACK, Esq.**
**O'Connor Berman Dotts & Banes**
**Second Floor, Nauru Building**
**P.O. Box 501969**
**Saipan, MP 96950**
**Telephone No. (670) 234-5684**
**Facsimile No. (670) 234-5683**

**Attorneys for Plaintiffs Moses T. and Qianyan S. Fejeran**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **MOSES T. FEJERAN and** | ) **CIVIL ACTION NO.  05-0033** |
| **QIANYAN S. FEJERAN,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) **DECLARATION OF GEORGE L.** |
| **vs.** | ) **HASSELBACK** |
| | ) |
| **AVIATION SERVICES (CNMI), LTD.** | ) |
| **d.b.a. FREEDOM AIR,** | ) |
| | ) |
| **Defendant.** | ) |

I, George L. Hasselback, declare under the penalty of perjury that the following is true and based upon my personal knowledge, except where noted otherwise, and if called to testify, I could do so competently:

1.  In my capacity as an associate for O'Connor, Berman, Dotts & Banes (counsel of record for the Defendant in the above-captioned matter), I have contacted and retained on behalf of my clients, several individuals to act as expert witnesses in the above-captioned case.

2.  Plaintiffs have retained Mr. Frank Perez ("Mr. Perez") to offer an expert opinion as to the safety of the stairway at issue in this lawsuit.  Mr. Perez was able to conduct an inspection of the stairway earlier this summer while on Guam for other business.   Mr. Perez has not

completed his final evaluation of the stairway, but has indicated that the earliest by which he will be able to complete this report is mid to late September.  Additionally, Mr. Perez will need time to evaluate the opinions offered by Defendant's liability expert, Richard T. Gill and formulate any rebuttal to those opinions that he may have.

3.  Plaintiff's have retained Doris Schriver as a professional life-care planner to offer an opinion as to economic impact to Plaintiff's lives as a result of the injuries that Mr. Fejeran sustained.  She initially indicated that she would be in Guam in mid-October and would be able to conduct an examination of Mr. Fejeran then, but has since informed me that this trip has been cancelled.  She has not been able to confirm the next date upon which she will be able to travel to Micronesia, but counsel for the Defendant and I have discussed the possibility of her conducting such an examination a more mutually convenient time and place, possibly while Defendant's medical expert examines Mr. Fejeran.  At this time, counsel for the Parties are still attempting to make such arrangements.

4.  Plaintiffs have not retained a medical expert.  Plaintiff's do not know if they will need to do so, as they have not yet seen the opinions of Defendant's medical expert.  I have been informed by counsel for Defendant, that due to the undue delay on the part of the Commonwealth Health Center in providing a complete set of medical records, Defendant's expert has only recently been able to begin his assessment.  The Commonwealth Health Center had to be compelled via subpoena before turning over a complete set of Mr. Fejeran's medical records thus preventing Plaintiffs from providing a complete copy to Defendant.

I declare under the penalty of perjury that the foregoing is true, correct and complete to the best of my knowelge.

Dated, September 11, 2006, Saipan, CNMI.

/s/_____
George L. Hasselback, Esq.