CARLSMITH BALL LLP

DAVID LEDGER (CNMI BAR NO. F0195)
Carlsmith Ball LLP Building
Capitol Hill
Post Office Box 5241
Saipan, MP 96950-5241
Tel No. 670.322.3455

Attorneys for Defendant
Aviation Services (CNMI), Ltd. dba Freedom Air

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| MOSES T. FEJERAN and QIANYAN S. FEJERAN,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>AVIATION SERVICES (CNMI), LTD. dba FREEDOM AIR,<br><br>　　　　　　Defendant. | CIVIL ACTION NO. 05-0033<br><br>**MOTION TO STRIKE FRANK PEREZ AS AN EXPERT WITNESS AND TO ORDER IME; MEMORANDUM IN SUPPORT THEREOF; DECLARATION OF DAVID LEDGER; EXHIBIT "A"; CERTIFICATE OF SERVICE**<br><br>**HEARING DATE & TIME: DEFENDANT REQUESTS MARCH 15, 2007 AT 1:00 P.M.** |

Defendant Aviation Services (CNMI), Ltd. dba Freedom Air ("Freedom Air") hereby moves this Court, under Federal Rules of Civil Procedure, Rules 26(a)(2) and 37(c)(1), to strike Plaintiff's expert witness Frank Perez ("Mr. Perez"), and to order the completion of Defendant's medical expert preparation and IME by way of physical examination in Honolulu, Hawaii.

Mr. Perez must not be permitted to testify as an expert witness because Plaintiff - notwithstanding having had six months to disclose Mr. Perez's report (Mr. Perez was permitted to inspect the aircraft in August 2006) - has failed to timely disclose Mr. Perez's expert report as required under Rule 26(a)(2)(B) and as agreed to by Counsel. What's more, Plaintiff has just

4840-3574-8353.1.059303-00001

recently proposed a schedule to exchange expert witness reports which gives Plaintiff the benefit of having had *6 months* to prepare a report, whereas Plaintiff proposes to allow Defendant's expert *1 month* to prepare a rebuttal report.

The reasons for the failed disclosure are unknown; either Mr. Perez failed to complete written reports of the results of his aircraft inspection and turn them over to Plaintiff's counsel, or Plaintiff's counsel has them and will not disclose them. Whatever the reason is for non-disclosure does not change the fact that Defendant is prejudiced and entitled to appropriate relief, including an Order striking Mr. Perez as an expert and barring him from testifying at trial.

In the alternative, Defendant requests this Court to enter an order compelling immediate disclosure of Mr. Perez's written report and allowing Defendant a reasonable and sufficient time to prepare a rebuttal, not less than sixty (60) days, but preferably ninety (90).

This motion is supported by the attached Memorandum of Points and Authorities, Exhibit A, Declaration of David Ledger, and all pleadings and papers on file herein.

DATED: Hagåtña, Guam, February 6, 2007.

CARLSMITH BALL LLP

_____
DAVID LEDGER
Attorneys for Defendant
Aviation Services (CNMI), Ltd.
  dba Freedom Air

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION & BACKGROUND

A. <u>Expert witness disclosure of Frank Perez.</u>

The Court will recall that in *August 2006* Plaintiff sought assistance from the Court in arranging an inspection of Defendant's aircraft by Mr. Perez as Mr. Perez "happened to be on Guam for another matter" and inspecting the aircraft would save Plaintiff the substantial expense of bringing Mr. Perez back from California for a dedicated inspection. Defendant initially resisted the premature inspection but eventually went along after hearing the Court's perspective on the issue, that is, when money can be saved on litigation it ought to be saved. It will be noted that Defendant's initial resistance was entirely reasonable under the circumstances, and that the Court was not required to enter an order compelling the inspection. Mr. Perez' inspection took place on August 1, 2006 at which time Mr. Perez was given unfettered access to the aircraft and sufficient time to complete his work.

Subsequent to these events Counsel agreed that Mr. Perez's report and disclosure would be provided in 60 days, or the end of September 2006. Specifically, soon after Perez' inspection on August 1, 2006 Defense counsel sought confirmation from Plaintiff's counsel that Mr. Perez had in fact been retained, and a timeframe within which Perez would disclose his report. Counsel then agreed verbally on a time frame of 60 days, yet no report has been disclosed.

Subsequently, on October 17, 2006, Defense counsel wrote to Plaintiff's counsel concerning the agreement to disclose Perez's report, and the fact that it had not yet been disclosed. In particular, Counsel wrote to remind Plaintiff's counsel that Mr. Perez's report was to have been disclosed by *the end of September 2006, and to express concern over not having sufficient time for rebuttal work*. Exhibit A. A September 30, 2006 disclosure would have given Mr. Perez a very reasonable two months to complete his report.

4840-3574-8353.1.059303-00001

More recently, with the non-disclosure now sharply in issue, Plaintiff's counsel have proposed an unacceptable disclosure date for Mr. Perez's report, March 1, 2007. The proposed dates for expert witness disclosures provides Plaintiff with an unfair strategic advantage which must be addressed by the Court. The unfairness is easily seen: that by March 1, 2007, Mr. Perez and opposing counsel will have had more than **seven months** to contemplate the content of report, whereas Plaintiff proposes allowing Defendant's expert **one month**, to April 2, 2007 to travel to Guam, inspect and photograph the aircraft, and prepare a report. Not surprisingly, Defendant is unable to take this proposal seriously.

Defendant timely provided discovery documents and information regarding the aircraft, all of which were available to Mr. Perez before and since he inspected the aircraft in August 2006. Mr. Perez inspected and photographed the aircraft passenger stair and handrail. No other more complex part of the aircraft is involved. Mr. Perez took multiple measurements and photographs and repeatedly walked up and down the stair. He had an assistant. His inspection was unfettered and unlimited in time. Now, six months later, Plaintiff seeks yet more discovery to supplement what Mr. Perez already knows and contends such discovery is necessary for completion of the report. Defendant disagrees and will resist such discovery.

In short, Plaintiff designated Mr. Perez as an expert witness, obtained an expedited inspection of the aircraft saving Plaintiff thousands of dollars, but has failed to abide by the agreement disclose written results of the August 1, 2006 inspection. That failure violates Counsels' agreement for timely disclosure on September 30, 2006, as well as in the circumstances Rule 26(a)(2)(B). Plaintiff will no doubt note the absence of a court-imposed deadline for expert witness disclosures, but there is a good reason for that: as explained above and noted in Exh. A, Counsel agreed to disclose Perez's report approximately sixty days after his inspection, that is, the end of September 2006.

Rule 37(c)(1) requires the Court to strike Mr. Perez as an expert witness as a sanction for violating Rule 26(a)(2)(B), unless Plaintiff proves that the violation was "substantially justified" and "harmless." Because the violation was neither substantially justified nor harmless, the Court should grant this motion to strike Mr. Perez as Plaintiff's expert witness. In the alternative, the Court should order Plaintiff to produce Mr. Perez's report and opinions within five calendar days, and reimbursement of Defendant's expenses in bringing this motion.

B.     Defendants medical expert and IME

Turning to the matter of Defendant's medical expert and IME, Defendant retained Dr. Peter Diamond, an orthopedic surgeon with Honolulu Sport's Medical Group in Honolulu, Hawaii, to review Plaintiff's medical records, perform an IME, and provide opinion on Plaintiff's alleged physical injury. Dr. Diamond has reviewed Plaintiff's medical records and is standing by to conduct an examination. That Dr. Diamond is located in Honolulu has been well known by Plaintiff for many, many months, to which Plaintiff never objected until now. *See* Exhibit A and Ledger Declaration ¶ 8. Now, however, late in the game when it suits Plaintiff's strategy, Plaintiff balks at the IME and suggests that it be conducted in the CNMI, on grounds that Plaintiff will be uncomfortable traveling. This is unacceptable.

Plaintiff's counsel has known for several months that Dr. Diamond practices in Honolulu, and that Defendant proposed scheduling the IME at the same time Plaintiff's counsel was considering to have Plaintiff in Honolulu to be interviewed by another expert for Plaintiff, a "life care expert", Ms. Shriver. Exhibit A and Ledger Dec. ¶ 8. Counsel agreed that completing two expert witness tasks with one air travel to Hawaii made good sense, - just as it made good sense for Mr. Perez to have access to the aircraft when he happened to be on Guam - as opposed to Plaintiff spending thousands of dollars to bring Mr. Perez back another time. Now, with the shoe on the other foot, Plaintiff wants Defendant to spend thousands of dollars to bring Dr. Diamond

from Honolulu to Saipan to conduct what will be a ninety minute physical examination. The Court should not permit Plaintiff to play and have it both ways.

At the time it was contemplated that the parties save money and share the cost of Plaintiff going to Honolulu for the IME and the Shriver "life care" interview, no mention was ever made about the arrangements being contingent on Plaintiff's willingness to travel. Rather, the cost sharing contingency was Plaintiff's eventual need for expert opinion from Ms. Shriver. It was agreed that if Plaintiff opted for no expert opinion from Shriver, that Defendant would pay the entire cost of Plaintiff's travel to Honolulu. There was never any mention of Plaintiff not going to Honolulu if Plaintiff opted out of seeing Ms. Shriver to be evaluated for "life care" needs. Plaintiff's so-called unwillingness to travel, now that he has no reason to travel other than Defendant's IME, does not ring very true. Defendant's understandable perspective is that Plaintiff's intention is to deny Defendant the opportunity to complete its medical expert work-up at a reasonable cost, while at the same time reveling in having saved thousands of dollars on Mr. Perez. It is at the very least disingenuous to think Defendant will bring a busy practicing doctor from Honolulu to Saipan to conduct an IME, at a cost of not less than $8,000-$10,000, when the cost to have Plaintiff go to Honolulu will be approximately $2,500. Furthermore, should Dr. Diamond be needed for trial, Defendants have the option of having him testify by live video feed resulting in a savings of something on the order of $8,000- $10,000, if not more.

On January 26, 2007 Defense Counsel wrote to opposing counsel to resolve this discovery dispute over experts. There has been no response. Ledger Decl. ¶ 9. The need for this motion rests entirely with Plaintiff. There is no justification for Plaintiff's failure to respond to Defendant's reasonable efforts to obtain expert witness materials the Plaintiff is required to disclose under the Federal Rules of Civil Procedure and an IME Plaintiff all along knew was coming.

## II. LEGAL ANALYSIS AND ARGUMENT

### A. Plaintiff's Failure To Timely Submit Perez' Expert Witness Report Violates The Agreement To Do So and Rule 26(a)(2)(B).

Under the Federal Rules of Civil Procedure, all witnesses giving expert testimony per the Federal Rules of Evidence must be disclosed, and witnesses retained to provide expert testimony must prepare a report for disclosure:

> (2) Disclosure of Expert Testimony
>
> (A) In addition to the disclosures required [regarding fact witnesses], a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.
>
> (B) Except as otherwise stipulated or directed by the court, this disclosure **shall**, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, **be accompanied by a written report prepared and signed by the witness**. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2) (emphasis added). All disclosures must be in writing, signed by counsel, and served to opposing counsel. Fed. R. Civ. P. 26(a)(4). Furthermore, common sense dictates that the disclosure must be delivered by the agreed deadline for expert disclosures, or as set by the trial judge under Rule 26(a)(2)(C). Here, Plaintiff failed to timely deliver Perez's expert disclosure despite an agreement to do so, despite Defendant requesting such disclosure in October 2006, and despite having had six months to do so.

Rule 26 requires both a report and the details of data and information considered in reaching opinions contained in the report. Fed. R. Civ. P. 26(a)(2)(B). Thus, not only are formal

reports discoverable, but also draft reports, notes, preliminary opinions, and details of test results. *See Krisa v. Equitable Life Assurance Society*, 196 F.R.D. 254, 256-57 (M.D. Pa. 2000); *BCF Oil Refinery, Inc. v. Consolidated Edison Co.*, 171 F.R.D. 57, 62 (S.D.N.Y. 1997); *Caruso v. Schwarzman*, Nos. 93- 6733, 94- 2779, 1994 WL 719759 (E.D. Pa. Dec. 27, 1994).

The purpose of Rule 26 is to eliminate unfair surprise and prejudice to the opposing party and to conserve resources. *Reed v. Binder*, 165 F.R.D. 424, 428 (D.N.J. 1996). An expert's report fulfils the Rule 26 requirements when it is "sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary depositions are avoided, and costs are reduced." *Id.*

Needless to say, by virtue of its complete non-disclosure, Mr. Perez's report is insufficient, incomplete, and does not comply with the Rules. Plaintiff's failure to produce the results of Mr. Perez's work is precisely what the Rule seeks to avoid: Defendant and its expert are left in the dark with insufficient time to properly react.

Furthermore, while full and complete disclosure is indispensable for the parties, it is also intended for the benefit of the Court. The disclosure requirements assist the Court in ruling on the admissibility of expert opinion testimony by providing a complete statement of the opinions and their factual bases. Under the Federal Rules of Evidence, the Court must fulfill its "gatekeeping" obligations of ensuring that expert testimony rests on a reliable foundation. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999); Fed. R. Evid. 702. Rule 26(a)(2)(B) facilitates this "gatekeeping" function. Thus, Plaintiff's failure to timely supply full and complete expert witness disclosure not only harms the Defendant, but also threatens to subvert efficient judicial decision-making.

///

///

B.  **Failure to Submit The Expert Witness Report Results in Automatic and Mandatory Exclusion Under Rule 37(c)(1).**

Rule 37(c)(1) was specifically designed to address the failure of parties to submit expert reports. It *requires* the exclusion of expert testimony where the expert report has not been submitted:

> **(1) A party that without substantial justification fails to disclose information** required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), **is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.**

Rule 37(c)(1) (emphasis added); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). The rule is *self-executing and mandatory*. See Fed. R. Civ. P. 37 advisory committee's notes (1993 Amendments, Subdivision (c)); *Yeti by Molly*, 259 F.3d at 1106-07. The Ninth Circuit has explained that Rule 37 "gives teeth to [the] requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly*, 259 F.3d at 1106.

Courts have construed this rule strictly. Even where, *as here,* a party "never violated an explicit court order to produce the [expert] report and even absent a showing in the record of bad faith or willfulness, *exclusion is the appropriate remedy for failing to fulfill the required disclosure* requirements of Rule 26(a)." *Id.* (emphasis added); *see also Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiendia de Puerto Rico*, 248 F.3d 29, 35 (1st Cir. 2001) (use of sanctions permissible even where litigant's entire cause of action or defense is precluded); *Dura Automotives Systems of Indiana, Inc. v. CTS Corp.*, 285 F.3d 609 (7th Cir. 2002) (district court may exclude experts from testifying where expert reports were untimely filed).

There are only two exceptions that can ameliorate the harshness of this rule. The information can be introduced if the party proves that its failure to disclose was "substantially

justified" or "harmless." *Id.*; Fed. R. Civ. P. 37(c)(1). In *Yeti by Molly*, for example, ignorance was not a sufficient justification. *Yeti by Molly*, 259 F.3d at 1106. The burden to show harmlessness is on the party that failed to disclose. As the court in *Yeti by Molly* explained:

> Nor has [defendant] shown that the delay was harmless. [Defendant] asserts that the burden of proving harm is on the party seeking sanctions; we disagree. Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness.

*Id.* at 1107; *see also Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 21 (1st Cir. 2001) ("[I]t is the obligation of the party facing sanctions for belated disclosure to show that its failure to comply with [Rule 26] was either justified or harmless[.]") (citations omitted).

Plaintiff's expert witness disclosure is fatally deficient under Rule 26(a)(2)(B). Plaintiff has failed to provide written results of work performed by Mr. Perez six months ago, and which should have been provided on September 30, 2006. Only Mr. Perez, and maybe Plaintiff and his lawyers, know the results of Perez's work. It is impossible for Defendant to determine the precise focus or theme of Mr. Perez's work, the basis for his expected conclusions and opinions, or any of the other foundational predicates to his trial testimony. The importance of Mr. Perez's written results can not be overstated. The report is a key piece of evidence for both parties and the Court in evaluating Plaintiff's claims. Finally, it is not even close to reasonable to propose Defendant's expert prepare his materials by April 2, 2007. As such, Defendant is ham-strung in its ability to prepare rebuttal expert reports and otherwise prepare for trial. Under these circumstances, it is more than just a little hopeless that Plaintiff would be able to show "substantial justification" for failing to disclose, or that such failure is "harmless" to Defendant. Therefore, under Rule 37(c)(1), Mr. Perez's testimony must be excluded.[1]

---

[1] Affadavits containing opinions not disclosed in a Rule 26 report are likewise not admissible at trial. *See, e.g., Brumley v. Pfizer, Inc.*, 200 F.R.D. 596, 603-04 (S.D. Tex. 2001); *Penland v. BIC Corp.*, 796 F. Supp. 877, 881 (W.D.N.C. 1992).

4840-3574-8353.1.059303-00001                   8.

### C. Alternative Relief: Immediate Production of Withheld Material Should Be Ordered And Sanctions Imposed

In the event the Court does not strike Mr. Perez as a witness, then at a minimum the following should be implemented. Plaintiff should be required to produce the withheld expert materials within five (5) days. The Court should order Plaintiff to make a complete disclosure of all materials and communications from Mr. Perez, and allow Defendant at least sixty days, preferably ninety, to produce its expert report.

### D. Attorneys' Fees And Costs Requested

The Court is authorized to impose appropriate sanctions for violations of Rule 26(a), including "requiring payment of reasonable expenses, including attorney's fees, caused by the failure[.]" Fed. R. Civ. P. 37(c)(1). Here, Plaintiff agreed to produce Mr. Perez's expert materials by September 30, 2006. Plaintiff's failure to voluntarily do so, and failure to do so after being asked again on October 17, 2006, has forced Defendant to file this motion and needlessly incur attorneys' fees. These fees and costs, accrued due to Plaintiff's violation of disclosure rules, should be borne by Plaintiff and not Defendant, and therefore Defendant requests the Court to order reasonable reimbursement to Defendant.

### E. Plaintiff must appear for an IME

That Defendant is absolutely entitled to an IME when Plaintiff puts his physical condition in issue is hardly worth briefing. See Fed.R.Civ.P. 35. Defendant retained Dr. Peter Diamond to review Plaintiff's medical condition and perform an IME. That Dr. Diamond is located in Honolulu was from the inception well-known to Plaintiff, and Plaintiff never objected until it served his own interest to do so. Indeed, when it served Plaintiff's interest to travel to Honolulu for his expert Shriver's convenience, and to obviously save the expense of having Shriver travel to Saipan, Plaintiff was more than willing to accept Defendant's offer to pay half the cost involved. Now that Plaintiff has no need of his own to travel to Honolulu, he balks at

Defendant's IME notwithstanding that Defendant would pay the entire cost. In the circumstances, the Court should either order that the IME be conducted in Honolulu, or that Plaintiff spend the money he saved on Mr. Perez by paying for Dr. Diamond to travel to Saipan to conduct the IME.

Based upon the foregoing, Defendant respectfully submits that its motion should be granted in its entirety.

DATED: Hagåtña, Guam, February 6, 2007.

CARLSMITH BALL LLP

_____
DAVID LEDGER
Attorney for Defendant
Aviation Services (CNMI), Ltd.
dba Freedom Air

# **DECLARATION OF DAVID LEDGER**

I, DAVID LEDGER, pursuant to 28 U.S.C. Section 1746 declare under penalty of perjury that the following statements are true:

1. I have personal knowledge of the facts stated in this declaration.

2. I would testify competently as to these facts if called by the Court.

3. I am licensed to practice law before all courts in the Commonwealth of the Northern Mariana Islands and am admitted to this Court.

4. I am the attorney for Defendant Freedom Air.

5. This Declaration is filed in support of Defendant's Motions to Strike Expert Witness and to order an IME.

6. Attached hereto marked Exhibit A is a true and correct copy of my e-mail dated October 17, 2006 to Plaintiff's Counsel.

7. The second paragraph of Exhibit A speaks to the verbal agreement to disclose Mr. Perez' expert report by September 30, 2006 and Defendant's concern over having sufficient time for a rebuttal report.

8. The second paragraph of Exhibit A also speaks to the arrangements to conduct Dr. Diamond's IME in Honolulu in conjunction with Plaintiff seeing Ms. Shriver for "life care" evaluation.

///

///

///

///

///

9. On January 15 and 17, 2007 I received letters from opposing counsel concerning the discovery disputes involving Mr. Perez and Dr. Diamond. On January 26, 2007, I responded to both letters. As of the date of filing this motion, there has been no response to my letter of January 26, 2007.

Executed this 6th day of February 2007 at Hagåtña, Guam.

_____
DAVID LEDGER

# EXHIBIT

# "A"

**June M.C. Borja**

| | |
|---|---|
| **From:** | David P. Ledger |
| **Sent:** | Tuesday, October 17, 2006 9:24 AM |
| **To:** | 'George Hasselback' |
| **Cc:** | June M.C. Borja |
| **Subject:** | Fejeran v. Freedom Air. |
| **Attachments:** | Amended Case Management Scheduling Order (Freedom Air-Fejeran).doc |

Dear George: Here, again, is the proposed Amended Case Management Order, last sent to you on October 4, 2006. May I suggest that the time has come to submit the order. Please let me have your comments, if any, or your signature on the document.

Also, I would like to follow up on the discussion we had concerning expert witnesses. First, though Mr. Perez's report was supposed to be available to us by the end of September 2006, we do not have it. Please follow up with Mr. Perez and obtain his report for us, so as to permit us to move ahead with our rebuttal work. Second, what is the status of arrangements to have the life-care evaluation and defendant's IME conducted at the same time in Honolulu, Hawaii, where defendant's medical expert is located? We need to come to some sort of arrangements on this and get it set up. We do not anticipate any scheduling difficulties with our medical expert, yet we do need some advance dates to work with.

I look forward to your soonest possible response.

Thank you,

David Ledger
Partner, Carlsmith Ball LLP (Guam, U.S.A.)
Office ph: 671 472 6813, ext. 302
Office fax: 671 477 4375
Mobile: 671 688 3352
dledger@carlsmith.com

*************************************************************
NOTICE: This message contains confidential and privileged information. If it has been sent to you in error, please reply to inform the sender of the error and then delete this message. Thank you.
*************************************************************

## CERTIFICATE OF SERVICE

The undersigned hereby declares that on the 6th day of February 2007, I will cause to be served, via electronic filing/service, a true and correct copy of **MOTION TO STRIKE FRANK PEREZ AS AN EXPERT WITNESS AND TO ORDER IME; MEMORANDUM IN SUPPORT THEREOF; DECLARATION OF DAVID LEDGER; EXHIBIT "A" CERTIFICATE OF SERVICE** upon the following Counsel of record.

George L. Hasselback, Esq.
O'Connor Berman Dotts & Banes
Second Floor, Nauru Building
Post Office Box 501969
Saipan, MP 96950

DATED: February 6, 2007.

_____
DAVID LEDGER

4840-3574-8353.1.059303-00001            13.