**DAVID G. BANES, Esq.**
**O'Connor Berman Dotts & Banes**
**Second Floor, Nauru Building**
**P.O. Box 501969**
**Saipan, MP 96950**
**Telephone No. (670) 234-5684**
**Facsimile No. (670) 234-5683**

**Attorneys for Plaintiffs Moses T. and Qianyan S. Fejeran**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| **MOSES T. FEJERAN and QIANYAN S. FEJERAN,** )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>**AVIATION SERVICES (CNMI), LTD. d.b.a. FREEDOM AIR,** )<br>)<br>Defendant. ) | **CIVIL ACTION NO. 05-0033**<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL**<br><br>**Date: March 15, 2007**<br>**Time: 1:30 p.m.**<br><br>**Judge: Alex R. Munson** |

Plaintiffs, by and through counsel, offer this Memorandum In Support of Plaintiffs' Motion To Compel filed contemporaneously with this Court.

**I. Introduction.**

Plaintiffs' Motion to Compel should be granted as Plaintiffs need this discovery so that their expert Frank Perez can complete his report. Defendant's objection that Frank Perez' report should be stricken is an improper excuse to refuse to respond to discovery.

On January 8, 2007, Plaintiff Qianyan S. Fejeran ("Mrs. Fejeran") served upon Defendant her First Set Of Discovery Requests.[1] Two of Mrs. Fejeran's Interrogatories sought

---
[1] A copy of the relevant portions of the requests is attached hereto as "Exhibit A."

1

information regarding any alterations, repairs, etc. performed on the stairway upon which her husband fell, giving rise to this lawsuit. See Exhibit A, Interrogatories 1 and 2. Likewise, Mrs. Fejeran's Requests For Production sought production of documents related to any alterations, repair, etc. performed on the stairway. Id. Requests For Production 1-4.

On February 7, 2007, Defendant served its responses to these discovery requests.[2] Defendant objected to Interrogatories 1 and 2, refusing to answer them, on the grounds that their "purpose is to provide information to plaintiff's expert witness, now the subject of a motion to strike." Defendant's Responses to Interrogatories 1 and 2. Furthermore, Defendant similarly refused to provide any documents requested that would bear upon any alterations, repairs, etc. performed on the stairway. Defendant's responses to Requests For Production 1-4.

## II. Argument.

The existence of a discovery dispute as to Plaintiffs' expert offers no excuse for Defendant's failure to respond to these discovery requests, nor does Defendant's guess as to what use the information sought will be put. These being the only justifications offered for Defendant's failure to answer, this Motion should be granted and Plaintiffs awarded fees and costs.

*A. Defendants Failure To Respond Is Not Excused By An Existing Discovery Dispute.*

Even if a discovery dispute as to Plaintiffs' proposed expert exists, it is not a legitimate excuse for Defendant's failure to respond to discovery requests.[3] In fact, if a party withholds

---

[2] A copy of these responses is attached hereto as "Exhibit B."

[3] Plaintiffs disagree that any valid discovery dispute as to expert witnesses actually exists. See Plaintiffs' Opposition to Defendant's Motion to Strike.

responses to discovery requests because it feels that it is owed a discovery response, this may constitute sanctionable conduct.  This precise situation arose in *Jayne H. Lee Inc. v. Flagstaff Industries Corp.*, where the District Court of Maryland held that:

> [i]t is clear under the text and spirit of the discovery rules that ***the existence of a discovery dispute as to one matter is not a ground to delay or withhold the taking of other discovery*** . . .  If [one party] believes that . . . the [other party] is … withholding requested discovery … [it] ***may not retaliate and hold his client's interrogatory answers and responsive documents hostage***.

(emphasis added and quotations omitted) (173 F.R.D. 651, 656-657 (D.Md. 1997) (granting a motion to compel discovery withheld on the premise that a dispute existed as to other discovery).  The Court then went on to order "[t]hat plaintiff's counsel show cause . . . as to why sanctions should not be imposed" for such improper withholding of discovery responses. *Id.* at 657.

Here, Defendant is withholding responses to discovery because of a pending motion to preclude Plaintiffs from offering the opinion testimony of their proposed expert. Exhibit B. Defendant does not really say why this pending motion justifies withholding responses, but the implication is clear: that since Plaintiffs have not turned over their expert's report, Defendant will not produce any answers to these discovery requests.[4]  *Id.*  While the nature of the discovery dispute here is different than that in *Jayne*, the holding of the *Jayne* Court is still applicable.  Simply because there is an existing discovery dispute, Defendant is not excused from its failure to respond to Plaintiff's legitimate discovery requests.

This Court should grant Plaintiffs' Motion, order Defendant to respond to these requests within five working days – without objections -- and tax against Defendant, Plaintiffs' costs and attorney fees in bringing this Motion.

---

[4] Defendant does not dispute the discoverability of any of the information or documents sought by these requests (such as relevance, privilege or any other legitimate objection) but only relies upon the pending "motion to strike." Exhibit B.

*B. Plaintiffs' Are Entitled To Responses Regardless Of To What Use They Are Put.*

Furthermore, Defendant insinuates that the use to which the responses to these discovery requests will be put has any bearing upon their discoverability. It does not. Defendant does not say that any responses to these discovery requests would be in any way improper *but for the existence of the other discovery dispute.* Defendant seems to be attempting to impute some impropriety in Mrs. Fejeran's request and dispute her entitlement to this information. Regardless of the outcome of any motion involving expert witnesses, this information is relevant and not-privileged and therefore, discoverable under F.R.Civ.P. 26(b)(1). The use to which this information is put is irrelevant and this Motion should be granted.

### III. Conclusion.

The existence of an existing discovery dispute does not excuse Defendants refusal to answer Ms. Fejeran's discovery requests. The use to which Defendant thinks Plaintiffs may put the information gained does not excuse Defendants refusal to answer Ms. Fejeran's discovery requests. This Court should grant this Motion, order an immediate response be provided to these discovery requests and that Defendant be taxed all the costs and attorney fees associated in bringing this Motion.

Dated: February 15, 2007.

                O'CONNOR BERMAN DOTTS & BANES
                Attorney for Plaintiffs Moses T. and
                Qianyan S. Fejeran

                By: _____/s/_____
                        DAVID G. BANES.