**DAVID G. BANES, Esq.**
**O'Connor Berman Dotts & Banes**
**Second Floor, Nauru Building**
P.O. Box 501969
Saipan, MP 96950
Telephone No. (670) 234-5684
Facsimile No. (670) 234-5683

**Attorneys for Plaintiffs Moses T. and Qianyan S. Fejeran**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **MOSES T. FEJERAN and QIANYAN S. FEJERAN,** ) | CIVIL ACTION NO. 05-0033 |
| ) | |
| Plaintiffs, ) | **MEMORANDUM IN OPPOSITION TO MOTION TO STRIKE** |
| ) | |
| vs. ) | Date: March 15, 2007 |
| ) | Time: 1:30 p.m. |
| **AVIATION SERVICES (CNMI), LTD. d.b.a. FREEDOM AIR,** ) | |
| ) | Judge: Alex R. Munson |
| Defendant. ) | |

### INTRODUCTION

Defendant has been less than candid with the Court: There is no Order or stipulation setting any deadline for expert disclosure; instead Plaintiffs gave an estimate as to when "at the earliest" the report might be done which now Defendant wants the Court to enforce as if were a stipulation even though Defendant admits in an email that it was only an "informal agreement" (a characterization which Plaintiffs do not agree with, it was instead only an estimate); as there is no Order or stipulation, pursuant to Rule 26(a), Fed.R.Civ.Pro., Plaintiffs have until May 26, 2007 to produce their expert reports; Plaintiffs have disclosed a preliminary report and otherwise met the requirements of Rule 26(a), Fed.R.Civ.Pro.; the reason there is no final report is because Defendant refuses to respond to discovery which it acknowledges is necessary to complete the

report; Defendant already has a rebuttal expert and if Defendant truly needs additional time, Plaintiffs are willing to grant a reasonable continuance; and as Defendant has at least until June 1, 2007 to depose Dr. Perez (Plaintiffs are willing to extend this deadline), Defendant has suffered no prejudice.  *See generally* Declarations of George Hasselback and David G. Banes with exhibits filed herewith.

Similarly, Plaintiff Mr. Fejeran never formally agreed to fly to Hawaii for his Independent Medical Evaluation ("IME"), instead it was only discussed as a possible option.  As Defendant by omission concedes, absent an agreement, there is no case law that would require Plaintiff to fly to Hawaii for Defendant's convenience.   Hasselback Decl, paras. 28 – 32.

### FACTS

**The September 30th "Deadline" Was Instead An Informal Estimate Only**

Dr. Perez examined Defendant's aircraft in August 2006. During discussions related to continuing the trial, Plaintiff told Defendant that "the earliest" Dr. Perez' report would be finished is "mid to late September".  *Id*. at paras. 2 - 5 and Exhibit A.   There is no Court Order setting a deadline requiring expert reports. Nor is there any Stipulation.

Significantly, Defendant's counsel even admits the September 30th agreement was at best "an informal agreement".  *See* Hasselback Declaration, para. 21, Exhibit I (email from David Ledger turning an estimate into an "informal agreement").   Instead the parties discussed producing Dr. Perez' report by September 30, 2006 but Dr. Perez then stated he needed additional information.  *Id*. at paras. 11 – 18.

2

**Defendant Refuses To Provide The Needed Additional Discovery**

Plaintiff served discovery on Defendant to obtain the needed additional information. But Defendant refuses to respond and forced Plaintiff to file a Motion to Compel (to be heard on the same day as this Motion at Defendant's request).  Additionally, Defendant refuses to allow Plaintiff to go forward with depositions until a Dr. Perez completes his final report.  *See* Hasselback Decl, paras. 16 – 26,  Exhibits E, G and I.

**Defendant Already Has A Rebuttal Expert, Discovery Is On Going Til June 1, 2007 And The Trial Is Six Months Away**

Importantly, Defendant already has a rebuttal expert Richard T. Gill.  Additionally Defendant has had Dr. Perez' initial conclusions since January 15, 2007 and his preliminary report since February 15, 2007 and Plaintiff has provided Defendant with the rest of Rule 26(a)'s requirements for expert reports. Perhaps most importantly, discovery is continuing, the deadline is  June 1, 2007 (which Plaintiffs are willing to extend if necessary) and the trial is set for August 27, 2007.  Hasselback Decl, Exhibit C and Banes Decl, Exhibits A- D.
.

**Plaintiff Never Agreed To Fly To Hawaii For An IME**

Also, around the same time, Plaintiff's counsel George Hasselback discussed the *possibility* of flying Plaintiff Moses Fejeran to Hawaii but stated he needed Mr. Banes' and Mr. Fejeran's approval.  Mr. Hassleback's thought was to fly Plaintiff to Hawaii and at the same time fly Plaintiff's life care planner expert from Colorado to Hawaii as Mr. Hasselback thought Ms. Shiver needed to conduct an interview face-to-face. Mr. Hasselback later learned  that the interview could be done over the telephone. In any case Mr. Fejeran did not agree to fly to Hawaii as his hurt knee would be troublesome and he did not want to incur the additional expense of flying Ms. Shiver to Hawaii.  Hasselback Decl., at paras. 28 - 32.

3

## ARGUMENT

Rule 37 sanctions are only applicable if Rule 26(a) is violated.    There is no Court order or stipulation setting any deadline for exchanging expert reports.  Therefore, pursuant to Rule 26(a)(2)(c), the reports are due on or about  May 26, 2007.  It thus follows that as there has been no violation of Rule 26(a), Rule 37 sanctions are not applicable.

Even if applicable, under Ninth Circuit precedent, expert reports will not be stricken if Plaintiff can show substantial justification or lack of prejudice to Defendant *Yeti by Molly Ltd.* v. *Deckers Outdoor Corp.,* 259 F.3d 1101 (9th Civ. 2001). Here both apply. First, Plaintiffs gave Defendant only an estimate as to when the report would be done - - there is no stipulation or Court order. Second Plaintiffs' expert Dr. Perez needs additional information from Defendant before he can complete his report but Defendant refuses to give Plaintiffs the needed information and has forced Plaintiffs to file a Motion to Compel. Additionally there is no prejudice to Defendant as there is six months until the trial (August 27, 2007), Defendant already has a rebuttal liability expert and discovery is continuing (the cut-off for experts is June 1, 2007).

There is additional Ninth Circuit precedent that suggest Plaintiff's lack of bad faith and the public policy in favor of full and fair trials should also be considered. *Galentine v. Holland America Line,* 333 F.Supp.2d 991 (W.D. Wash 2004) *citing to Wendt v. Host It'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997) and *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001).

Finally, even if the Court were to conclude Plaintiff's estimate should have the force of a stipulation, Rule 26 (a) was violated, Rule 37 is applicable, Plaintiff's "failure" was not substantially justified, excused and Defendant is prejudiced, Rule 37 specifically allows the Court to consider other remedies. Plaintiffs would agree to giving Defendant the requested sixty days for their already designated expert Mr. Gill to produce his "rebuttal" report but request the sixty days run from the date Defendant received Dr. Perez' preliminary report (February 15, 2006) and the deadline for discovery to be continued until June 27, 2007 (two months still before trial).

5

**Plaintiff Has Until May 26, 2007 To File Expert Reports**

Plaintiff has not violated any Order or even Rule 26(a) as there is no stipulation. Instead, pursuant to Rule 26(a), Plaintiffs' expert reports are due May 26, 2007. As there has been no violation of Rule 26(a), the sanctions in Rule 37 are not applicable.

As there is no Order or Stipulation setting a deadline for expert disclosure, pursuant to Fed. R. Civ. Pro. 26 (a)(2)(c), the report is only due "at least 90 days before the trial"[1]. The trial is currently set for August 27, 2007 – meaning the deadline is May 26, 2007 or *more than sixty days* from when the Motion is to be heard.

Hence as no stipulated to or Court-ordered deadline has been missed, and May 26 is two months away, Rule 26(a) has not been violated and so Rule 37, Fed. R. Civ. Pro and its interpretative case are simply not applicable.

**As Plaintiff Has Not Violated Rule 26 (a), Rule 37 Sanctions Are Not Even Applicable**

Again before Rule 37 sanctions can be imposed there has to be a violation of Rule 26 (a) which, as there is no Order or Stipulation or even agreement, did not occur. Hence all of Defendant's cited to authorities are readily distinguishable.

For example, in *Yeti by Molly Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101 (9th Civ. 2001), the defendant failed to disclose its expert report almost two years *after the close of discovery* and just 28 days prior to the trial the Court concluded that although no court order was

---

[1] In relevant part, Rule 26(a)(2)(c) provides "(C)... In the absence of other directions from the Court or Stipulation by the parties, the disclosures shall be made at least 90 days before the trial..."

violated, defendant had failed to "fulfill the required disclosure requirements" of Rule 26 (a). The Court also found that the defendant had no excuse and the plaintiff was prejudiced as it received the report only "one month before they were to litigate a complex case".

Here, there has been no violation of Rule 26 (a) as it is more than 90 days before trial and there is no relevant Stipulation or Court Order. Moreover, Plaintiffs have a valid justification: Plaintiffs only gave an estimate, there was no formal agreement and Dr. Perez needs additional information but Defendant is refusing to respond to Plaintiff's relevant discovery requests. Additionally, there is no prejudice as the trial is not till August 27, 2007, there are at least three months left before the end of expert discovery June 1, 2007 (which can be extended anyway), Defendant has had Dr. Perez' preliminary report since January 15, 2007[2], Defendant already has a rebuttal expert (Richard T. Gill) and if this expert needs additional time which is reasonable, Plaintiffs will freely *grant* it.

Defendant's second authority, *Ortiz-Lopez v. Sociedad Espanola De Auscilio Muto Y Beneficencia De Puerto Rico,* 248 F. 3d 29 (Ist Circuit 2001) is even less helpful to support Defendant's argument, There, the defendant was forced to file three Motions to Compel and the Court concluded the plaintiffs had withheld information related to their prior medical history "in bad faith" and had committed "purposeful evasion" and had violated Rule 26(a) and did not produce portions of their expert's report until after the Court had already granted the defendant's motion to exclude the plaintiff's expert and on the first day of the trial.

---

[2] Significantly, the Ninth Circuit implicitly approved of issuing a preliminary report to be supplemented later; in discussing possible laternatives which could have avoided sanctions the Court stated that "Defendants could have issued a preliminary report to be supplemented after . . . " *Yeti by Molly Id.* at 1106 -7.

7

Here, there has been no discovery abuse, no motions to compel filed by Defendant at least, the trial is almost six months away, discovery is continuing and most importantly, there is no violation of Rule 26 (a). Additionally Defendant has Dr. Perez' preliminary report since February 15, 2007 and again will suffer no prejudice since the trial is approximately six months away and Plaintiffs will agree to giving Defendant's already designated expert Mr. Gill the requested sixty days, provided discovery is continued so Plaintiffs can depose him.

Nor is *Dura Automobile Systems of Indiana, Inc. v. CTS Corp.* 285 F. 3d 609, (7th Circuit 2002), on point either. There, the plaintiff tried to substitute affidavits once their expert was stricken as unqualified and these affidavits were filed six months after the deadline for reports, after seven years of litigation, discovery had closed, the trial would have to be continued, there was no justification and the defendant would be unreasonably burdened. *Id.* at 615-616. Here the deadline for expert disclosure has not yet expired, discovery is continuing, the trial is six months away, Plaintiff has justification (no deadline and Defendant is blocking discovery) and Defendant will not be prejudiced.

And finally *Wilson v. Bradlees of New England,* 250 F. 3d 10. (1st Cir. 2001), is really not at all on point as there the Court excluded certain video tape evidence to supplement prior expert reports. These new exhibits were produced "well after" the pretrial order for supplementary expert disclosures and the Court concluded that videotapes were "argumentative" and "would have compromised Defendants' pretrial preparations and that the supplementation came too late to "be seasonable." *Id.* at 20.

**As Defendant Will Suffer No Prejudice And Plaintiff Did Not Act In Bad Fqaith, The Motion Should Be Denied**

Instead, as Defendant will suffer little or no prejudice, this alone is enough to deny its Motion. For example, in *Galentine v. Holland America Line,* 333 F.Supp.2d 991 (W.D. Wash 2004), the District Court noted that while the plaintiff had missed the imposed deadline, it was only by eleven days. The Court concluded the plaintiff had no justification but nonetheless denied the Motion to Strike as:

> The potential prejudice that Defendant claims it will suffer is not so severe as to warrant exclusion, especially given the possibility of ameliorating the prejudice through various means below.

*Id.* at 994. The Court then allowed the defendant time to depose the plaintiff's expert even though the discovery deadline had passed, Significantly, the Court citing to an earlier Ninth Circuit Authority, *Wendt v. Host Int'l, Inc.* 125 F. 3d 806, 814 (9th Cir. 1997), as well as language in *Yeti by Molly*, held that bad faith was still an appropriate factor to consider as well as:

> The public policy favoring disposition of cases on their merits, the availability of less drastic sanctions, the Court's need to manage its docket, and on the public's interest in expeditious resolution of litigation.

*Id* at 993-994.

Similarly, here there is no bad faith, the deadline for discovery is not until May 1, 2007 and Plaintiffs are willing to extend, and although Defendant already has a rebuttal expert (Mr. Gill), if Defendant needs sixty days from February 15, 2007, that is acceptable to Plaintiffs (why Defendant never asked for this relief before filing the Motion suggests Defendant is seeking a tactical advantage rather than suffering true prejudice).

9

**Rule 37 Specifically Allows Other Remedies And Plaintiffs Are willing to Extend Deadlines**

Finally it must be noted that Rule 37 specifically gives the Court power to impose other remedies besides striking the testimony.[3] As stated above, Plaintiffs are willing to work with Defendant's deadlines including producing an expert report from Mr. Gill. However, Defendant must also be ordered to cooperate with discovery and stop allowing discovery to go forward based on their perceived deadline of Septmeber 30th for the Perez report.

**Defendant Has Dr. Perez' Interim Report And Other Rule 26 (a) (2) Materials And Has Ample Time To Retain A Rebuttal Expert**

Also, on January 15, 2007, Plaintiff told Defendant Dr. Perez' initial conclusions in a letter and then followed up with a written interim report on February 15, 2007. Defendant has also been given Dr. Perez' C.V. (qualifications), list of cases he has testified in and compensation paid. *See* Declaration of David G. Banes, Exhibits B-D.

Yet Defendant insists on this Motion without explaining how exactly Defendant is any way prejudiced given they have four months to pose Dr. Perez. If Defendant needs a reasonable amount of time for a rebuttal witness, why not ask for it instead of filing this Motion? In any case, Defendant may have its requested sixty days from February 15, 2007 or until April 15, 2007 to submit a rebuttal report.

**Defendant Refuses To Cooperate Which Means Dr. Perez Cannot Complete His Report**

Additionally, to the extent this "crisis" has any validity, it is very much of Defendant's

---

[3] Fed. R.Civ. Pro. Rule 37(1) states in relevant part that "In addition to or in lieu of this sanction [for bidding evidence] the Court . . .may impose other sanctions."

10

own making. After Plaintiffs found out Dr. Perez needed more information, they sent out related Interrogatory and Document Requests. However, Defendant refuses to respond and has forced Plaintiffs to file a Motion to Compel (*See Motion filed with the Court on February 15, 2007).*

**Plaintiff Never Agreed To An IME In Hawaii**

As to the Independent Medical Examination ("IME"), Mr. Hasselback – without consulting his supervising attorney or discussing it with Plaintiffs, *suggested* that it may be possible for Plaintiff to fly to Hawaii to have the IME conducted and at the same time have Plaintiff's life care planner fly to Hawaii to interview Mr. Fejeran. Mr. Hasselback stressed however he needed to check with Mr. Fejeran (and his supervising attorney David Banes). *See* Hasselback Declaration, paras, 28 - 32.

In discussing the matter with David Banes and Dr. Shiver, Mr. Hasselback learned Dr. Shiver could interview Mr. Fejeran over the telephone and that Mr. Fejeran did not want to fly to Hawaii because such a long flight would be uncomfortable for him given his injured knee and his age.

Mr. Hasselback relayed this information to Defendant who then got upset and filed this Motion.  Significantly, Defendant fails to cite to any legal authority (and Counsel knows of none) that have required a Plaintiff to travel anywhere in order to be examined.

11

## CONCLUSION

As there was no Order, nor a stipulation or even a formal agreement, Rule 26(a) has not been violated. So Rule 37 sanctions cannot be applicable. But even if applicable, Plaintiff has justification for not producing the report as Plaintiff did not realize his estimate was to be taken as a formal agreement and Dr. Perez needs additional information which Defendant is refusing to provide. Even if the Court disagrees, then the Motion still should be denied as Defendant will suffer no prejudice especially given Plaintiffs willingness to work with Defendant as to deadlines.

As to the IME, Defendant has taken a possible agrrement that needed client approval into some sort of enforceable agreement that would require Plaintiff to fly to Hawaii which would cause him great discomfort. In any case there was no agreement even between counsel and Mr. Fejeran certainly never agreed.

                              O'CONNOR BERMAN DOTTS & BANES
                              Attorney for Plaintiffs Moses T. and
                              Qianyan S. Fejeran

                              By: _____/s/_____
                                       DAVID G. BANES.

3189-01-070216-MemoOppostnMotStrike-epv