CARLSMITH BALL LLP

DAVID LEDGER (CNMI BAR NO. F0195)
Carlsmith Ball LLP Building
Capitol Hill
Post Office Box 5241
Saipan, MP 96950-5241
Tel No. 670.322.3455

Attorneys for Defendant
Aviation Services (CNMI), Ltd. dba Freedom Air

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| MOSES T. FEJERAN and QIANYAN S. FEJERAN,<br><br>Plaintiffs,<br><br>vs.<br><br>AVIATION SERVICES (CNMI), LTD. dba FREEDOM AIR,<br><br>Defendant. | CIVIL ACTION NO. 05-0033<br><br>DEFENDANT AVIATION SERVICES (CNMI) LTD. DBA FREEDOM AIR'S REPLY MEMORANDUM TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE FRANK PEREZ AS AN EXPERT WITNESS AND TO ORDER IME; CERTIFICATE OF SERVICE<br><br>HEARING DATE: MARCH 15, 2007<br>TIME: 1:30 P.M. |

DEFENDANT AVIATION SERVICES (CNMI) LTD., DBA FREEDOM AIR'S
REPLY MEMORANDUM TO PLAINTIFFS OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE FRANK PEREZ AS AN EXPERT WITNESS
AND TO ORDER IME

I.      INTRODUCTION

Plaintiffs Moses T. Fejeran and Qianyan S. Fejeran agreed to produce their expert report by late September 2006, and to this date have failed to comply with that deadline. As a result, the testimony of their expert Frank Perez should be stricken.

4825-9566-1313.1.059303-00001

Moreover, through this lawsuit Plaintiff Moses T. Fejeran has put his physical condition at issue, and yet, unjustifiably refuses to submit to an IME in Honolulu at Defendant Aviation Services (CNMI) Ltd. dba Freedom Air's expense. Defendant seeks an Order compelling Plaintiff's attendance at an IME.

Defendant also seeks an award of fees and costs incurred in connection with preparing and arguing these motions.

## II. PLAINTIFF'S EXPERT FRANK PEREZ MUST BE STRICKEN DUE TO THE UNTIMELY DISCLOSURE OF HIS EXPERT REPORT.

At this late hour, Plaintiffs represent that they only informally estimated that they would produce Frank Perez's report by the end of September 2006. That representation is incorrect. On September 11, 2006, Plaintiffs advised the Court in the Joint Motion to Re-Set Trial Date that they anticipated the completion of the expert report in mid- to late-September. In addition to Plaintiffs' formal representations to the Court, there were numerous confirmations from Defendant's counsel and verbal agreements and discussions between the parties in which it was understood that Mr. Perez's report would be disclosed in late September 2006, and that Defendant would then be given an opportunity to prepare its rebuttal report. *See* Mot., Ex. A.

It is now March 5, 2007, six months after Plaintiffs promised to produce the report. By failing to make such disclosure, Plaintiffs have inflicted prejudice on Defendant and its own expert witness, who will have only one month to review and analyze Mr. Perez's report. It cannot be denied that Plaintiffs have gained a significant advantage in having seven months from when its expert observed the aircraft and the ability to compile an expert report; whereas Defendants' expert has one month to review the report, inspect and photograph the aircraft, prepare a report and a rebuttal report.

Plaintiffs respond that they have until May 26, 2007 to produce an expert report, which gives Plaintiffs nine months for the preparation of an expert report. A May 26 disclosure

deadline clearly contradicts Plaintiffs' stated representations of the report being ready by September 2006, and gives them ever further time to prepare an expert report, and less time for Defendant to complete its expert report.

Plaintiffs also point to the fact that Defendant has seen Mr. Perez's CV. This hardly qualifies as disclosure sufficient for Defendant to prepare a rebuttal report. Reviewing his CV and a list of other cases on which he has worked does not disclose the basis for Mr. Perez's conclusions or opinions, and in actuality provides no useful information to Defendant.

Rule 37 adequately deals with this situation of an untimely expert report: a "party that without substantial justification fails to disclose information . . . is not, unless such failure is harmless, permitted to use as evidence at a trial . . .any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1). Plaintiffs fail to demonstrate any substantial justification to support their untimely disclosure. Moreover, the error has not been harmless because of Defendant's inability to now prepare a rebuttal expert report within the short timeframe. Accordingly, Mr. Perez must be stricken as an expert.

III.  **PLAINTIFF MUST BE COMPELLED TO ATTEND AN IME IN HONOLULU.**

Federal Rule of Civil Procedure 35 states that when a party has put his mental or physical condition at issue, the Court may order the party to submit to a medical examination. Plaintiff's only response to Defendant's Motion to Order an IME in Honolulu is that he simply does not agree to do so and has bad knees. However, neither objection is supportable. Because he has placed his physical condition at issue, Defendant has a right to obtain an independent medical examination, regardless of whether Plaintiff agrees to the examination or not. His excuse of being unable to travel due to his bad knees was also never mentioned while Plaintiff intended to travel to Honolulu to visit a life care expert.

Defendant's retention of Dr. Peter Diamond, a Honolulu physician, to conduct an IME of

Mr. Fejeran has been known to Plaintiff for months. The high cost of bringing Dr. Diamond to the CNMI would defeat this Court's earlier-stated intentions of keeping down litigation costs. It would be highly prejudicial and cost *in*efficient to require Defendant to find a new expert in the CNMI because of Plaintiff's sudden desire not to travel to Honolulu, even when it is not at his own expense.

Defendant asks that the Court order and require Plaintiff to travel to Honolulu for the IME, as originally agreed upon by the parties.

## IV. **CONCLUSION**

Plaintiffs' Opposition raises no substantial justification to permit the untimely disclosure of Mr. Perez's expert report, which has prejudiced Defendant and its ability to prepare an expert rebuttal report. Plaintiffs' expert report, and Mr. Perez's testimony, should therefore be stricken.

Plaintiff Moses Fejeran's Opposition also shows no justification to prevent an IME conducted in Honolulu, the most cost-efficient method of conducting an IME in this case. Defendant seeks an Order compelling Mr. Fejeran's attendance at the IME.

Finally, an award of Defendant's fees and costs is appropriate and warranted under the circumstances.

DATED: Hagåtña, Guam, March 5, 2007.

CARLSMITH BALL LLP

/s/ David P. Ledger

DAVID LEDGER
Attorneys for Defendant
Aviation Services (CNMI), Ltd.
  dba Freedom Air

## CERTIFICATE OF SERVICE

The undersigned hereby declares that on the 5th day of March 2007, I will cause to be served, via electronic filing/service, a true and correct copy of **DEFENDANT AVIATION SERVICES (CNMI) LTD. DBA FREEDOM AIR'S REPLY MEMORANDUM TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE FRANK PEREZ AS AN EXPERT WITNESS AND TO ORDER IME; CERTIFICATE OF SERVICE** upon the following Counsel of record.

> George L. Hasselback, Esq.
> O'Connor Berman Dotts & Banes
> Second Floor, Nauru Building
> Post Office Box 501969
> Saipan, MP 96950

DATED: March 5, 2007.

/s/ David P. Ledger
_____
DAVID LEDGER

4825-9566-1313.1.059303-00001