**GEORGE L. HASSELBACK, Esq.**
**O'Connor Berman Dotts & Banes**
**Second Floor, Nauru Building**
**P.O. Box 501969**
**Saipan, MP 96950**
**Telephone No. (670) 234-5684**
**Facsimile No. (670) 234-5683**

**Attorneys for Plaintiffss Moses T. and Qianyan S. Fejeran**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| MOSES T. FEJERAN and QIANYAN S. FEJERAN,<br><br>Plaintiffss,<br><br>vs.<br><br>AVIATION SERVICES (CNMI), LTD. d.b.a. FREEDOM AIR,<br><br>Defendant. | CIVIL ACTION NO. 05-0033<br><br>REPLY TO OPPOSITION TO MOTION TO COMPEL<br><br>Date: March 15, 2007<br>Time: 1:30 p.m.<br><br>Judge: Alex R. Munson |

Plaintiffs, by and through counsel, offer this Reply In Support of Plaintiffs' Motion To Compel filed previously with this Court.

### I. Introduction.

Plaintiffs' Motion to Compel should be granted in full. An existing discovery dispute does not justify the refusal to answer properly served discovery requests. Here, Defendant justifies its failure to answer interrogatories and requests for production because it contends that Plaintiffs have failed to disclose an expert report in a timely manner. Even if this were true, this does not excuse Defendant's failure to respond. Even if two wrongs did make a right in this context, Defendant still would not be justified in failing to answer these discovery requests because Plaintiffs have not missed any discovery deadlines nor are they in violation of any court

order or agreement between the parties as to discovery deadlines. Defendant's refusal to answer discovery requests therefore should not be countenanced and this Motion should be granted in full.

## II.  Argument.

Defendant's suggestion that Plaintiffs have committed some wrong with regard to discovery does not justify Defendant's failure to respond to proper discovery requests.

### A. An Existing Discovery Dispute Does Not Excuse Failure To Answer Discovery.

Defendant's Opposition to this Motion is simply cites to Defendant's Motion to Strike and Compel to excuse it from answering properly served discovery requests. As Plaintiffs have pointed out to this Court, in this context *two wrongs do not make a right.* *See* Plaintiffs' Memorandum in Support of this Motion. No matter how much Defendant wants to use the existence of a discovery dispute as justification in refusing to answer Plaintiffs' discovery requests, it cannot do so. This issue has been sufficiently briefed in Plaintiffs' Memorandum In Support of this Motion. Therefore, since Defendant has provided no contrary authority for this proposition and no argument to the contrary other than another recitation of the justifications contained in its Motion To Strike, Plaintiffs would respectfully direct this Court's attention to Plaintiffs' Memorandum In Support of this Motion.

### B. Even If A Legitimate Discovery Dispute Would Excuse Such Failure To Respond (Which It Would Not), This Discovery Dispute Is Without Merit.

Defendant's discovery dispute is based not upon any Order of this Court, or Stipulation between the Parties, but rather Defendant's misinterpretation of events.

### *1. There Has Never Been Any Order Mandating Or Stipulation Agreeing To A Deadline For Plaintiffs' Expert Report.*

There was never an Order by this Court setting a September 30, 2006 deadline for disclosure of Plaintiffs' expert report.[1]  There was no formal agreement between the parties setting such a deadline.[2]  What there was, however, was estimation by Plaintiffs' counsel that the earliest date by which his expert could have his report prepared was towards the end of September.  *See* Plaintiffs' Opposition to Defendant's Motion To Strike and Compel.  A detailed factual discussion of what was, and was not, agreed to by the Plaintiffs, and the legal ramifications thereof, is present in that Opposition and Plaintiffs will take no more of this Court's time rehashing those issues here.  Suffice to say, Plaintiffs have violated no Court Order or stipulated agreement between the parties pertaining to expert disclosures.

### *2. There Has Never Been Any Agreement To Conduct Plaintiffs' IME In Hawaii.*

Similarly, there has never been any agreement between the parties to conduct any medical examinations in Hawaii.  What did occur was an informal discussion amongst counsel about the feasibility of conducting certain activities in Hawaii (specifically the IME and an interview with Plaintiffs' life-care planner).  *See* Plaintiffs' Opposition to Defendant's Motion to Strike and Compel.  Defendant's counsel was only ever promised that this would be discussed with Plaintiffs as an option.  Plaintiffs has declined to exercise this option and he is under no further obligation to travel to Hawaii for his IME.  If Defendants wish to use a Hawaii-based doctor for its IME, that is its prerogative, but it should bear the costs of doing so.[3]  Again,

---

[1] Had there so been, it would predictably have been "Exhibit A" to Defendant's Motion to Strike.

[2] At best, all that existed was, in Defendant's own words, an "informal agreement" regarding any deadline for disclosure.  *See* Plaintiffss' Opposition.

[3] Additionally, Defendant chose this physician far before any discussion of taking the IME in Hawaii ever occurred.  Defendant cannot then, in good faith, argue that its choice of doctor was induced by a promise to conduct the examination in Hawaii.

Plaintiffs has violated no Court Order, nor any stipulation between the parties. He is under no obligation to travel to Hawaii for his IME, and has declined to do so.

Therefore, even if a legitimate discovery dispute would justify Defendant's refusal to answer Plaintiffs' discovery requests, it still would not excuse this behavior here. Plaintiffs has violated no Orders of this Court, nor has he broken any agreements between the Parties. Defendant's Motion to Strike and Compel does not excuse its failure to respond and this Motion should be granted in full.

### III. Conclusion.

No existing discovery dispute would justify Defendant refusing to answer Plaintiffs' discovery requests. Even if it were so, the existing discovery dispute would not do so as it is so lacking in merit as to warrant complete denial. This Court should grant this Motion and Order that Defendant pay Plaintiffs' costs and legal fees associated with this Motion.

Dated: March 12, 2007.

                              O'CONNOR BERMAN DOTTS & BANES
                              Attorney for Plaintiffs Moses T. and
                              Qianyan S. Fejeran

                              By: _____/s/_____
                                      GEORGE L. HASSELBACK.