**GEORGE L. HASSELBACK, Esq.**
**O'Connor Berman Dotts & Banes**
**Second Floor, Nauru Building**
**P.O. Box 501969**
**Saipan, MP 96950**
**Telephone No. (670) 234-5684**
**Facsimile No. (670) 234-5683**

**Attorneys for Plaintiffs Moses T. and Qianyan S. Fejeran**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| **MOSES T. FEJERAN and QIANYAN S. FEJERAN,** )<br>)<br>Plaintiffs,                            )<br>)<br>vs.                                    )<br>)<br>**AVIATION SERVICES (CNMI), LTD. d.b.a. FREEDOM AIR,** )<br>)<br>Defendant.                             ) | **CIVIL ACTION NO.  05-0033**<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO AMEND COMPLAINT AND TO ALLOW DEPOSITION OF DEFENDANT**<br><br>Date: August 9, 2007<br>Time: 9:00 a.m.<br>Judge:  Munson |

Plaintiffs, by and through counsel, offer this Memorandum In Support of Plaintiff's Motion To Amend Complaint filed contemporaneously with this Court.[1]

**I. Introduction.**

On or about June 29, 2007, Plaintiffs conducted the deposition of Defendant's liability expert, Richard T. Gill ("Mr. Gill").[2]  During that deposition, Mr. Gill testified in effect that Defendant holds an "airworthiness certificate" issued by the Federal Aviation Administration ("FAA") for the aircraft from which Plaintiff Moses T. Fejeran ("Mr. Fejeran") fell.[3]  Mr. Gill further testified that this certificate deems the aircraft in question "airworthy" and suitable for

---

[1] A copy of the proposed First Amended Complaint is attached hereto as "Exhibit A."

[2] *See* Declaration of David G. Banes attached hereto as "Exhibit B."

[3] *Id.*

1
3189-01-071007-PL-MemSuppMotAmend-glh

use as a commercial aircraft.[4] Mr. Gill also testified that Defendant is prohibited by FAA regulation from making any alteration or modification to the stairway in question (although he was unable to show Plaintiffs which, if any, FAA regulation said so).[5] Putting all of this together, Mr. Gill reasoned that the "doctrine of airworthiness" would insulate Defendant from all liability for negligence under the traditional, common-law causes of action simply by demonstrating that Defendant holds an airworthiness certificate issued by the FAA.[6]

This affirmative defense was not listed in Defendant's Answer to Plaintiffs' Complaint.[7] This affirmative defense was not set out in any of Defendant's responses to Interrogatories that sought to obtain, among other things, the various factual and legal bases for Defendant's denial of any liability for Plaintiffs' damages.[8] Defendant has, at no time, during the past two-plus years of litigation presented its possession of an FAA-issued airworthiness certificate as a bar to any liability on its part (*i.e.* an affirmative defense).[9] Had Plaintiffs been aware of this affirmative defense at an earlier date, they would have moved immediately to amend their Complaint then.[10] Upon learning of this affirmative defense, Plaintiffs have moved with all due speed to amend their Complaint.

While Plaintiffs disagree with Mr. Gill's (and Defendant's) assessment of the legal impact of holding an airworthiness certificate, Plaintiffs cannot ignore that Defendant plans to

---

[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id. See also* Answer filed with the Court on or about October 11, 2005.
[8] *See* Declaration of Counsel filed herewith
[9] *Id.*
[10] *Id.*

present a legal theory at trial that could completely eliminate liability on the part of Defendant as a matter of law. Therefore, Plaintiffs bring this Motion in order to preserve their ability to seek redress for their harms by adding a statutory cause of action that does not depend upon Defendant's ability to alter or modify the structure and design of the stairway in question.

## II.  Argument.

This Court should grant Plaintiffs' Motion as it is within t he contest of this litigation timely, made in good faith, is necessitated by the recent revelation of a hitherto unrevealed affirmative defense and would result in no prejudice to Defendant. Alternatively, this Court should preclude Defendant from offering this affirmative defense at the trial of this matter.

*A) This Court should allow Plaintiffs to amend their Complaint.*

Not only to the Federal Rules of Civil Procedure generally favor free amendment of pleadings, the circumstances in this particular situation favor this Court's grant of permission for Plaintiffs to amend their Complaint to add a cause of action for violation of the CNMI's Consumer Protection Act, 5 CMC § 5112 *et seq.* ("CPA").

*1)  Leave to amend pleadings is, generally speaking, freely granted.*

Under the Federal Rules of Civil Procedure, a party may amend its complaint once, "as a matter of course" before a responsive pleading is served. Rule 15(a). Subsequently, that "party may amend the party's pleading only by leave of court or by written consent of the adverse party." *Id*. Plaintiffs bring this Motion to seek such leave from the Court.

"Rule 15's policy of favoring amendments to pleadings should be applied with ***extreme***

*liberality* (emphasis added and internal quotations omitted)." *United States v. Webb,* 655 F.2d, 977, 979 (9th Cir. 1981). Furthermore, "[t]he Supreme Court has instructed lower federal courts to heed carefully the command of Rule 15 (a), F.R.Civ.P., by freely granting leave to amend when justice so requires." *Hurn v. Retirement Fund Trust of Plumbing, Heating,* 648 F.2d 1252 (9th Cir. 1973) (citing *Howey v. United States,* 481 F.2d 1187, 1190 (9th Cir. 1973).

While the decision to grant leave to amend lies within the trial court's discretion, it should consider the underlying purpose of Rule 15, which is to "facilitate the decision on the merits rather than on the pleadings or technicalities." *Eldridge v. Block,* 832 F.2d 1132, 1135 (9th Cir. 1987). Furthermore, "[g]enerally, this determination should be performed with *all inferences in favor of granting the motion* (emphasis added)" *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD Program v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987).

### *2) Granting leave to amend in this situation is proper and just.*

The propriety of granting a motion for leave to amend a pleading is weighed by considering four factors: 1) the presence or absence of any undue delay; 2) the presence or absence of any bad faith; 3) whether or not the amended pleading will be futile; and whether or not the opposing party will suffer any prejudice by amendment. *Hurn,* 648 F.2d at 1254.[11] Specifically, "where there is lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, *it is an abuse of discretion to deny such a motion.*" *Id.*

---

[11] *Hurn* involved a motion for leave to amend filed after summary judgment had been granted in favor of a defendant. The trial court denied leave and the plaintiff appealed to the 9th Circuit. The 9th Circuit's holding in overturning the trial court's denial, is illustrative of the standards for assessing the four relevant factors.

### *a) Defendant will suffer no prejudice from amendment.*

First and foremost, Defendant will suffer no prejudice by this Court granting leave to amend because it will necessitate no new discovery and Defendant should be ready to argue the operative facts of the CPA claim just as well as the common law negligence claims.

The Ninth Circuit decided that there was no prejudice in the *Hurn* case where "the operative facts remain the same" both before and after introduction of the new claim in the amended pleading. 648 F.2d at 1254. There, the plaintiff had originally filed a complaint for wrongful suspension of pension benefits under the legal theory that it violated 29 U.S.C § 1053 (the Employee Retirement Income Security Act, more commonly referred to as "ERISA"). *Id.* His amendment sought to add an additional cause of action based on the legal theory that the defendant's actions also violated 29 U.S.C. § 186 (the "Taft-Hartley Act). *Id.* The Ninth Circuit focused on the fact that regardless of these two claims being based upon different theories of liability, both "challenge[d] the suspension of his pension benefits for seeking union office." *Id.* In other words, regardless of the change in legal theory, the new cause of action did not implicate any new facts and, therefore, the Defendant would suffer no prejudice from the amendment.

### *1. There are no new facts, just different legal theories.*

Here, very similarly to the *Hurn* case, Plaintiffs alleged in their initial Complaint that they suffered damages because Defendant's operation of the folding staircase on its aircraft was unreasonably unsafe and under a common law theory of negligence, it was liable for Plaintiffs' damages. *See* Plaintiffs' Complaint on file with this Court. The CPA claim, likewise, alleges that Defendant offered a service in the CNMI that it knew, or should have known, gave rise to

an unsafe condition. *See* Proposed Amended Complaint filed herewith Exhibit A. Both legal theories rely upon proof of the following facts:

1) that Defendant was the owner and operator of the aircraft (this is undisputed);

2) that the stairway in question was unreasonably unsafe;

3) and, that this unreasonably unsafe condition was the legal and proximate cause of Plaintiffs' injuries.

These are the factual issues that the Parties have faced since day one of this litigation. These same factual issues, and no additional ones, are the issues that the Parties would face in a trial of either Plaintiff's common law negligence claims or a claim under the CPA. Since "the operative facts remain the same," Defendant will suffer no prejudice from the addition of this cause of action and "should be fully prepared to litigate the substantive issues of" the CPA claim. *Hurn* 648 F.2d at 1254.

Even what little prejudice that Defendant would suffer, if indeed it would suffer any, could be extinguished by an alteration to the existing case management schedule or trial date. Should this Court find that Defendant would suffer some prejudice from this amendment, Plaintiffs would agree to a reasonable alteration thereof to alleviate this prejudice.

### *b) Plaintiffs have not unduly delayed bringing this Motion.*

First and foremost, it must be made clear that "[d]elay alone does not provide sufficient grounds for denying leave to amend" and that absent the other factors, to deny amendment based solely upon delay would constitute abuse of discretion. *Hurn* 648 F.2d at 1254. Furthermore, in the *Hurn* case, the Ninth Circuit granted leave to amend after ***two years*** had passed since the filing of the initial pleading and cited to a case where ***five years*** had passed and

leave was still granted absent the presence of the other factors. *Id* (citing *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973)).  Here, since Plaintiffs' Complaint was filed on October 11, 2005, less than two years have passed before Plaintiff brings this Motion.

Furthermore, and more importantly, this delay is not due to Plaintiffs' inaction, but rather to Defendant's recent revelation of an affirmative defense not asserted n its Answer or response to discovery requests.  As stated above, until just under two weeks ago, Plaintiffs were unaware of Defendant's affirmative defense that holding an airworthiness certificate issued by the FAA was an absolute bar to any liability on its part under Plaintiffs' common-law negligence claims for using a defectively designed staircase on one of its aircraft.  Had Plaintiffs known of this affirmative defense earlier, they would have sought leave to amend earlier.  Rule 15's generous grant of amendment should not be barred because Defendant chose not to reveal this defense until very recently.

### *c) Amendment of Plaintiffs' Complaint would not be futile.*

This Motion seeks to add a cause of action under the CNMI's Consumer Protection Act ("CPA").  This statute allows for a private cause of action.  *See* 5 CMC § 5112, which states that:

> [a]ny person aggrieved as a result of a violation of this article may bring an action in the Commonwealth Superior Court for such legal or equitable relief as the court may order.

One of the CPA's "unlawful acts or practices" is:

> [i]ntroducing into commerce any good or service which the merchant knows or should know is unsafe or which the merchant knows or should know may cause an unsafe condition in normal use, including performing a service which may cause an unsafe condition.

5 CMC § 5105 (r).

Plaintiffs seek to amend their Complaint to add this cause of action in the event that Defendant is correct and the "airworthiness doctrine" is an absolute bar to any common law negligence liability based upon a design defect present in the stairway.  As it stands, all of Plaintiffs' claims are either based directly upon, or, as in the case of Ms. Fejeran's loss of consortium claim, derivatively based upon common law negligence claims.  If, as Defendant's expert has testified, Defendant's possession of an FAA airworthiness certificate does insulate them from liability, it would not insulate them from liability for this particular claim under the CPA.

The CPA claim, unlike the common law negligence claims, is not implicated by Defendant's newly revealed affirmative defense.  The CPA does not ask if Defendant failed to, or even could, modify or alter the design of the stairway from the original (the basis for Mr. Gill's assertion that Defendant is free from liability).  All the CPA asks is if Defendant introduced into commerce a service which it knew or should have known would cause an unsafe condition.  5 CMC § 5105 (r).  Whether or not Defendant had anything to do with the design of the stairway or whether they could have modified it later has nothing to do with this claim. Whether or not Defendant designed or could modify the stairway is not an element of the CPA claim (as it could be argued with the common law negligence claims under the new affirmative defense).  Therefore, the amendment of Plaintiffs' Complaint to add this cause of action would not be futile as it would introduce an independent cause of action unaffected by this new affirmative defense.

### d) *Plaintiffs bring this Motion in good faith.*

As described above, Defendant will suffer no prejudice if Plaintiffs are granted leave to amend their Complaint. Plaintiffs brought this Motion in a reasonable time after learning of Defendant's affirmative defense. Finally, this Motion seeks to add a legally sound and factually supportable cause of action to Plaintiffs' Complaint. Taken together, these factors demonstrate that this Motion is not brought to harass or as an attempt to gain tactical advantage, but rather in good faith to address the Defendant's recently disclosed legal posture.

## *B) Alternatively, this Court should preclude Defendant from using this affirmative defense.*

Should this Court not grant Plaintiffs leave to amend their Complaint, it should preclude Defendant from asserting that it is insulated from all liability because of the issuance of a Federal Aviation Administration "Airworthiness Certificate" for the aircraft in question.

This affirmative defense was never raised in any of the pleadings, any responses to discovery or anywhere else and the prejudice experienced by Plaintiffs because of its tardiness should preclude its introduction at trial. *See generally*, Wright and Miller *Federal Practice and Procedure* § 1278:

> It is frequently stated proposition of virtually universal acceptance by the Federal Courts that a failure to plead in affirmative defense as required by Federal 8(c) results in the waiver of that defense and its exclusion from the case.

The Ninth Circuit has liberalized the requirements of Rule 8(c), but still will enforce it if, like here, there is prejudice to the plaintiff:

> We have liberalized the requirement that defendants must raise affirmative defenses in their initial pleadings. However, defendants may raise an affirmative defense for the first time [after the Answer] **only if the delay does not prejudice the plaintiff**… Here, the Defendants raised their [ ] affirmative defense three months after filing their Answer. The District Court erred in granting summary judgment without determining whether their delay in raising the affirmative defense prejudiced [the Plaintiff].

*Magana v. CNMI* 107 F.3d 1436, 1446 (9th Cir. 1997) (emphasis added).

Here, there is real prejudice to Plaintiff as factual discovery has closed and the deadline for designating experts has passed meaning Plaintiffs cannot conduct discovery on this issue or retain an expert to counter this affirmative defense. Therefore Plaintiffs were denied an "opportunity to develop a strategy and conduct discovery to oppose" this defense because "discovery has already closed, the Plaintiff could not conduct additional discovery." *Toth v. Glazer*, 163 F.R.D. 549-, 549-550 (E.D. Wisc. 1995) (Defendant denied leave to amend Answer to include affirmative defenses due to prejudice to plaintiff). *See also Blonder – Tongue Labs, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 350 (1971) ("One of the core purposes of Rule 8 (c) is to place the opposing parties on notice that a particular defense will be pursued so as to prevent surprise or prejudice.")

Alternatively, Plaintiff should be allowed to depose Defendant as to this issue and time to retain a rebuttal expert.

### III. Conclusion

As there will be no prejudice to Defendant, Plaintiffs' Motion to Amend should be granted. Alternatively Defendant should not be allowed to assert the Doctrine of Air-Worthiness as an affirmative defense at trial.

Dated: July 13, 2007.

                                      O'CONNOR BERMAN DOTTS & BANES
                                      Attorney for Plaintiffs Moses T. and
                                      Qianyan S. Fejeran

                                      By: _____/s/_____
                                              GEORGE L. HASSELBACK.