DAVID G. BANES, Esq.
O'Connor Berman Dotts & Banes
Second Floor, Nauru Building
P.O. Box 501969
Saipan, MP96950
Telephone No. (670) 234-5684
Facsimile No. (670) 234-5683

Attorneys for Plaintiffs Moses T. and Qianyan S. Fejeran

IN THE SUPERIOR COURT
OF THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| MOSES T. FEJERAN and QIANYAN S. FEJERAN, <br><br> Plaintiffs, <br><br> vs. <br><br> AVIATION SERVICES (CNMI), LTD. d.b.a. FREEDOM AIR, <br><br> Defendant. | CIVIL ACTION NO. 05-0033 <br><br> AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL |

Plaintiffs Moses T. Fejeran and Qianyan S. Fejeran, by and through counsel, hereby allege, as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to the Commonwealth Trial Act, as amended, 1 CMC Section 3001 et. seq., and specifically 1 CMC Section 3202.

2. The factual and jurisdictional grounds upon which Plaintiffs' claims are premised entitle Plaintiffs to a trial by jury. Plaintiffs hereby demand a trial by jury on Saipan.

## PARTIES

3. Plaintiff Moses T. Fejeran ("Mr. Fejeran") is an individual and a citizen of the United States of America currently residing in the Commonwealth of the Northern Marian Islands.

4. Plaintiff Qianyan S. Fejeran ("Mrs. Fejeran") is an individual and a citizen of the United States of America currently residing in the Commonwealth of the Northern Mariana Islands.

5. At all times relevant to this action, the Plaintiffs were, and are, husband and wife.

6. Defendant Aviation Services, Ltd. dba Freedom Air, ("Freedom Air"), on information and belief, is a domestic corporation doing business in the Commonwealth of the Northern Mariana Islands. At all times relevant to this complaint, Freedom Air operated an airline business located in the Islands of Saipan, Rota and Tinian.

## FACTS

7. At all times mentioned in this Complaint, Freedom Air, was owned, managed and /or operated by Aviation Services, Ltd.

8. Defendant Freedom Air invited the general public, including Mr. Fejeran, to use their aircrafts to travel to and from the CNMI and the Territory of Guam.

9. On or about January 18, 2005 Mr. Fejeran was a passenger of Freedom Air flight 200 from Saipan to Rota (the "flight").

3189-01-071307-PL-AmendComplaint-glh

10. After the flight landed, Freedom Air personnel positioned a rolling stairway ("the stairway") so as to allow passengers to disembark from the aircraft. As Mr. Fejeran was descending the stairway, because the stairway was unsafe, he lost his footing and fell down striking his right knee on the ground.

11. The fall caused Mr. Fejeran to suffer severe injuries, including, without limitation, a sprained ankle and a torn posterior cruciate ligament all resulting in severe pain. Mr. Fejeran also suffered and continues to suffer significant mental pain and anguish.

12. Mr. Fejeran sought treatment for his injuries at the Commonwealth Health Center ("CHC") where he was treated by Dr. Thomas Austin ("Dr. Austin").

13. Pursuant to orders from Dr. Austin, Mr. Fejeran had magnetic resonance image of his right knee taken by Dr. Nathaniel B. Berg ("Dr. Berg") who concluded that Mr. Fejeran had suffered from a torn posterior cruciate ligament.

14. On information and belief, other passengers have fallen while negotiating the type of stairway in question as they have disembarked from Freedom Air aircraft.

**FIRST CAUSE OF ACTION**
**NEGLIGENCE**

15. Plaintiff repeats, realleges, and incorporate herein by reference, each and every allegation contained in paragraphs 1 through 14.

16. Defendant had a duty to maintain its aircraft and the associated embarkation and disembarkation equipment in a reasonably safe condition that would allow people including, without limitation, airline passengers and other invitees to safely enter and exit the aircraft.

17. Defendant breached this duty by, *inter alia*:

   a. Negligently and carelessly failing to install appropriate hand rails and/or other appropriate safety devices for the stairway with a wanton and reckless disregard for the safety of people using the stairway including Mr. Fejeran;
   b. Failing to warn Mr. Fejeran of the danger presented by the unsafe condition of the stairway;
   c. Failing to secure the stairway in question to prevent it from swaying dangerously from side to side;
   d. Failing to properly train flight attendants and station personnel in assisting passengers with safely disembarking the aircraft;
   e. Failing to install a non-slip surface on the stairway; and/or
   f. Failing to clean, dry and/or otherwise maintain the stairs in a reasonably safe condition.

18. Defendant also failed to otherwise exercise due care with respect to the matters alleged in this Complaint.

19. Defendant's breach of the duty owed to Mr. Fejeran caused the stairway to be unreasonably dangerous for his use.

20. As a direct and proximate result of the negligence of the Defendant as set forth above, Mr. Fejeran lost his footing and fell while descending the stairway.

21. At all relevant times, Mr. Fejeran exercised due and reasonable care for himself.

22. As a further direct and proximate result of the negligence of Defendant as set forth above, Mr. Fejeran was severely injured. The injuries caused by the fall, caused Mr. Fejeran to suffer tremendous mental pain and anguish. As a further result of his injuries, Mr. Fejeran has been, is now and will be in the future, prevented from participating in and enjoying the normal pleasures of life to which he was formerly accustomed. Moreover, Mr. Fejeran presently and in the future will continue to suffer physical pain and mental anguish and will continue to incur medical, hospital and related expenses.

23. By failing to make sure the stairway was safe for guests such as Mr. Fejeran, Defendant acted with a wanton or reckless disregard for the safety and well-being of its guests including Plaintiff Mr. Fejeran.

24. Accordingly, Mr. Fejeran has sustained and incurred damages in an amount according to proof at trial.

**SECOND CAUSE OF ACTION**
**LOSS OF CONSORTIUM**

25. Plaintiffs repeat and reallege, and incorporate herein by reference, each and every allegation contained in paragraphs 1-14 and 16 to 24 above.

26. Before suffering the above-described injuries, Mr. Fejeran was able to, and did, perform all the duties of a husband, including assisting in maintain the home, and providing love, companionship, affection, society, sexual relations, moral support and solace to Plaintiff Mrs. Fejeran.

27. As a direct and proximate result of the above-described injuries, Mr. Fejeran has been unable to perform the duties of a husband, in that he can no longer assist with the housework, provide love and physical and emotional affection, participate in family, recreational or social activities with Mrs. Fejeran.

28. Due to the nature and extent of the injuries sustained by Mr. Fejeran, and the severe physical and psychological strains they cause him, Mr. Fejeran is no longer able to provide Mrs. Fejeran with love, companionship, affection, society, moral support and solace.

29. Because of the above-described injuries, Mr. Fejeran will be unable to perform these duties in the future. Mrs. Fejeran is therefore deprived and will be permanently deprived of her husband's consortium, all to Mrs. Fejeran's damage in a total amount to be established by proof at trial.

### THIRD CAUSE OF ACTION
### VIOLATION OF CNMI CONSUMER PROTECTION ACT

30. Plaintiffs repeat and reallege, and incorporate herein by reference, each and every allegation contained in paragraphs 1-14 above.

31. Defendant is a "merchant" as defined in 4 CMC § 5104 (f).

32. Defendant introduced into commerce a service and/or performed a service which Defendant knew or should have known was unsafe or which Defendant knew or should have known may cause an unsafe condition in normal use.

33. Plaintiffs were aggrieved as a result of the actions of Defendant as described above, by incurring damages in an amount to be proven at trial.

**PRAYER**

WHEREFORE, Plaintiffs pray for relief as follows:

i. For general, special and statutory damages in an amount to be proven at trial.
ii. For prejudgment interest as allowed by law.
ii. For attorney fees and costs of suit.
iv. For such other and further relief as may be just and/or what the Court may deem appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial with respect to all issues so triable.

Dated: July __, 2007.    O'CONNOR BERMAN DOTTS & BANES
                          Attorney for Plaintiffs Moses T. and
                          Qianyan S. Fejeran


                          By: __/s/_____
                              David G. Banes
                              CNMI Bar ID No. F0171