GEORGE L. HASSELBACK, Esq.
O'Connor Berman Dotts & Banes
Second Floor, Nauru Building
P.O. Box 501969
Saipan, MP 96950
Telephone No. (670) 234-5684
Facsimile No. (670) 234-5683

Attorneys for Plaintiffs Moses T. and Qianyan S. Fejeran

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| MOSES T. FEJERAN and QIANYAN S. FEJERAN, <br><br> Plaintiffs, <br><br> vs. <br><br> AVIATION SERVICES (CNMI), LTD. d.b.a. FREEDOM AIR, <br><br> Defendant. | CIVIL ACTION NO. 05-0033 <br><br> DECLARATION OF DAVID BANES IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND COMPLAINT <br><br> Date : August 9, 2007 <br> Time : 9:00 p.m <br> Judge: Munson |

I, David G. Banes, declare under the penalty of perjury that the following is true and based upon my personal knowledge, except where noted otherwise, and if called to testify, I could do so competently:

1. In my capacity as a partner with O'Connor, Berman, Dotts & Banes (counsel of record for the Plaintiffs in the above-captioned matter), I attended the deposition of Defendant's liability expert witness Richard T. Gill ("Mr. Gill") on or about June 29, 2007 in Portland Oregon. The transcript of that deposition has not yet been completed, but the following account of what was said is offered to the best of my recollection.

1
3189-01-071007-PL-DGBDecl-glh

**Exhibit "B"**

2. At that deposition, I questioned Mr. Gill extensively concerning the bases for the conclusions reached in his expert report dated May 21, 2007 that was provided to Plaintiffs pursuant to the Federal Rules of Civil Procedure.

3. During that questioning, Mr. Gill opined that his conclusion that the stairway in question was "typical" of those utilized in the industry and that Defendant had followed all manufacturer's instructions regarding maintenance and operation rendered Defendant free from any liability whatsoever. Mr. Gill described this conclusion as the "airworthiness doctrine" or words to that effect.

4. When asked to describe this conclusion, Mr. Gill explained that every aircraft used in commercial operations within the United States is scrutinized by the Federal Aviation Administration ("FAA") to determine if it is "airworthy." Mr. Gill further explained that the FAA issues "airworthiness certificates" to those aircraft that pass muster. He further explained that commercial airline operators were prohibited by FAA regulation from making any alterations or modifications to aircraft. He was unable to point to any specific FAA regulation that said so, but explained that this was Freedom Air's representations and also his own "experience" when dealing with the aviation industry. Mr. Gill explained that since the FAA issues these certificates deeming an aircraft "airworthy" and that operators cannot modify aircraft, that this combines to absolve commercial operators from any liability for common law negligence claims alleging defective designs of aircraft or aircraft components.

5. Upon returning to my offices in Saipan, CNMI, I reviewed Defendant's Answer to Plaintiffs' Complaint, Defendant's various answers to Plaintiffs' discovery requests and all correspondence between Defendant's counsel and my offices. I was unable to find any mention of this "airworthiness doctrine" or any mention of an affirmative defense that simply because a commercial airline operator holds an airworthiness certificate issued by the FAA, they are absolutely insulated from any common law liability for design defects in said airplane or its components.

I declare under the penalty of perjury that the foregoing is true, correct and complete to the best of my knowledge.

Dated, July 13, 2007, Saipan, CNMI.

/s/ _____
David G. Banes, Esq.