4|5|'06

1  CARLSMITH BALL LLP

2  DAVID LEDGER (CNMI BAR NO. F0195)
   Carlsmith Ball LLP Building
3  Capitol Hill
   Post Office Box 5241
4  Saipan, MO 96950-5241
   Tel No. 670.322.3455
5
   Attorneys for Defendant
6  Aviation Services (CNMI), Ltd. dba Freedom Air

7

8

9                   UNITED STATES DISTRICT COURT

10                            FOR THE

11                   NORTHERN MARIANA ISLANDS

12

13  MOSES T. FEJERAN and              CIVIL ACTION NO. 05-0033
    QIANYAN S. FEJERAN,
14
                  Plaintiffs,
15                                     DEFENDANT'S RESPONSE TO
        vs.                            PLAINTIFFS FIRST SET OF
16                                     INTERROGATORIES;
                                       VERIFICATION; CERTIFICATE
17  AVIATION SERVICES (CNMI), LTD.     OF SERVICE
    dba FREEDOM AIR,
18
                  Defendant.
19

20      Defendant Aviation Services (CNMI), Ltd. dba Freedom Air, hereby responds to

21  Plaintiffs First Set of Interrogatories as follows:

22      Interrogatory No. 1:    Please DESCRIBE IN DETAIL any and all policies and/or

23  procedures, either written or spoken, official or unofficial, that YOU had in force at the time of

24  the OCCURRENCE to ensure that the methods and instrumentalities by which passengers

25  embark and/or disembark from YOUR aircraft are reasonably safe.

26      Response to Interrogatory No. 1:    Please refer to FAR 121.131 et seq..  In addition,

27  passengers are instructed to use caution when using the aircraft stair and to use the handrail.

28

4829-1288-4480.1.059303-00001

1   When passengers use the stair an airline employee (ground agent) is stationed there to assist.

2

3      Interrogatory No. 2:   Please DESCRIBE IN DETAIL any policy or procedure, written or

4   spoken, official or unofficial, that YOU had in force at the time of the OCCURRENCE that

5   governed the actions of YOUR employees when a passenger on any of YOUR aircraft would be

6   injured in any way.

7      Response to Interrogatory No. 2:   Please refer to FAR 121.131 et seq.. Employees are

8   trained to respond to passenger incident situations.  Exactly how the employee responds depends

9   on the nature of the incident.  Obviously, the focus of the training and response is the safety and

10   well-being of the passenger.  In this instance, the passenger was asked if he was okay and he said

11   yes.  The passenger was nonetheless offered  assistance and a medical check-up, which were

12   declined.  The passenger was also offered use of a wheelchair, which was likewise declined.  The

13   passenger was also invited to seek any help or assistance he might later need at the airline

14   counter, but none was requested.

15

16      Interrogatory No. 3:   Please DESCRIBE IN DETAIL any policy or procedure, written or

17   spoken, official or unofficial, that YOU had in force at the time of the OCCURRENCE that

18   governed any post-accident review of safety procedures and/or any post-accident inspection of

19   equipment.

20      Response to Interrogatory No. 3:   Please refer to FAR 121.135(22).  The incident reports

21   for this incident  will be produced in discovery.

22

23      Interrogatory No. 4:   Please IDENTIFY any and all PERSON(s) to YOUR knowledge

24   who have, in the last ten (10) years, slipped, tripped, fallen or otherwise had any accident, or

25   have complained of having any such accident, while embarking or disembarking from any of

26   YOUR aircraft regardless of the method or instrumentality used in said embarkation or

27   disembarkation and regardless of whether or not that particular PERSON suffered any injury or

28   not.

4829-1288-4480.1.059303-00001               -2.-

1    <u>Response to Interrogatory No. 4</u>:   Defendant objects to this interrogatory on the grounds

2    that it is vague and overly broad as to scope and time frame, in particular, with regard to "any

3    accident" in the past "10 years".  Subject to and without waiving the objection, the following

4    persons have been involved in embarkation and disembarkation incidents during the past five (5)

5    years:  None

6

7        <u>Interrogatory No. 5</u>:   Please DESCRIBE IN DETAIL the actions taken by YOUR

8    employees in response to any incident in which any PERSON, in the last ten (10) years, slipped,

9    tripped, fell or otherwise had any accident, or have complained of any such accident, while

10   embarking or disembarking from any of your aircraft regardless of the method of the method or

11   instrumentality used in said embarkation or disembarkation regardless of whether or not that

12   particular PERSON suffered any injury or not.  In so describing:

13        a.     IDENTIFY whatever employees were involved in said response(s),

14        b.     DESCRIBE IN DETAIL the actions that they took,

15        c.     DESCRIBE IN DETAIL any DOCUMENTATION that said employees generated

16   in responding to any such incident,

17        d.     And, DESCRIBE IN DETAIL any subsequent changes in any of YOUR policies

18   and/or procedures, spoken or written, official or unofficial, undertaken as a result of any said

19   incidents.

20       <u>Response to Interrogatory No. 5</u>:  Defendant objects to this interrogatory on the grounds

21   that it is vague and overly broad as to scope and time frame, in particular, with regard to "any

22   accident" in the past "10 years".  Subject to and without waiving the objection, please see the

23   following information for embarkation and disembarkation incidents during the past five (5)

24   years: Not applicable.

25

26       <u>Interrogatory No. 6</u>:   Please DESCRIBE IN DETAIL ALL FACTS YOU contend are

27   RELEVANT TO YOUR general and specific denial that DEFENDANT breached its duty to

28   maintain the methods and/or instrumentalities used by YOUR passengers to embark upon and

4829-1288-4480.1.059303-00001                    -3.-

1   disembark from YOUR aircraft in a reasonably safe manner as stated in YOUR Answer.

2         <u>Response to Interrogatory No. 6</u>: There was nothing wrong with the aircraft stair and the

3   proper warnings and cautions were given to the passengers concerning use of the stair. Said

4   another way, the no-breach-of-duty defense is established by the *absence* of any fact which

5   would show or event tend to show any unlawful act or omission on the part of Defendant. It is

6   Plaintiff's burden to establish fact sufficient to prove negligence, yet Plaintiff has no such facts.

7   On the other hand, there are facts which show or tend to show that the passenger was not paying

8   attention to the situation and not looking out for his own safety. Additional facts may become

9   apparent through discovery.

10

11         <u>Interrogatory No. 7</u>: Please IDENTIFY all PERSONS YOU contend have knowledge

12   RELEVANT TO YOUR general and specific denials that DEFENDANT breached its duty to

13   maintain the methods and/or instrumentalities used by YOUR passengers to embark upon and

14   disembark from YOUR aircraft in a reasonable safe manner as stated in YOUR Answer.

15         <u>Response to Interrogatory No. 7</u>: Please refer to the names which appear on the incident

16   reports and statements produced by Defendant and the names disclosed in Defendant's Initial

17   Disclosures. Additionally, Richard Brown, Director of Operations, and a safety expert yet to be

18   retained and identified.

19

20         <u>Interrogatory No. 8</u>: Please IDENTIFY all DOCUMENTS YOU contend are

21   RELEVANT TO YOUR general and specific denials that DEFENDANT breached its duty to

22   maintain the methods and/or instrumentalities used by YOUR passengers to embark upon and

23   disembark from YOUR aircraft in a reasonably safe manner as stated in YOUR Answer.

24

25         <u>Response to Interrogatory No. 8</u>: Please refer to FAR 121.131 et seq.. Additionally, all

26   documents disclosed and/or produced in discovery, such as witness statements and incident

27   reports. Additional documents and expert witness reports may yet be forthcoming.

28

4829-1288-4480.1 059303-00001       -4.-

1      <u>Interrogatory No. 9</u>:   Please DESCRIBE IN DETAIL ALL FACTS YOU contend are

2  RELEVANT TO YOUR general and specific allegations that the injuries sustained by Plaintiff

3  Moses Fejeran are attributable wholly or in part to his own fault as stated in YOUR Answer.

4      <u>Response to Interrogatory No. 9</u>:   Please refer to the answer to interrogatory No. 6

5  above.  Additional facts may become apparent through discovery.

6

7      <u>Interrogatory No. 10</u>:   Please IDENTIFY all PERSONS YOU contend have knowledge

8  RELEVANT TO YOUR general and specific allegations that the injuries sustained by Plaintiff

9  Moses Fejeran are attributable wholly or in part to his own fault as stated in YOUR Answer.

10      <u>Response to Interrogatory No. 10</u>:   Please refer to the names which appear on the

11  incident reports and statements produced by Defendant and the names disclosed in Defendant's

12  Initial Disclosures.

13

14      <u>Interrogatory No. 11</u>:   Please IDENTIFY all DOCUMENTS YOU contend are

15  RELEVANT TO YOUR general and specific allegations that the injuries sustained by Plaintiff

16  Moses Fejeran are attributable wholly or in part to his own fault as stated in YOUR Answer.

17      <u>Response to Interrogatory No. 11</u>:   All documents disclosed and/or produced in

18  discovery, such as witness statements and incident reports.  Additional documents and expert

19  witness reports may yet be forthcoming.

20

21      <u>Interrogatory No. 12</u>:   Please DESCRIBE IN DETAIL ALL FACTS YOU contend

22  support your allegation that this civil action "arises under a treaty of the United States,

23  specifically the Warsaw Convention" as stated in Defendant's Notice of Removal filed

24

25  previously with the United States District Court for the Northern Mariana Islands and as alleged

26  in YOUR Answer.

27      <u>Response to Interrogatory No. 12</u>:   Defendant objects to this interrogatory on the

28  grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.

4829-1288-4480.1.059303-00001            -5.-

1    Subject to and without waiving the objection, the flight in question operated between the CNMI

2    and Guam, thus subjecting it to rules and treaties governing international flights.

3

4         __Interrogatory No. 13__:    Please IDENTIFY all FACTS YOU contend support your

5    allegation that this civil action "arises under a treaty of the United States, specifically the

6    Warsaw Convention" as stated in Defendant's Notice of Removal filed previously with the

7    United States District Court for the Northern Mariana Islands and as alleged in YOUR Answer.

8         __Response to Interrogatory No. 13__:    Defendant objects to this interrogatory on the

9    grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.

10    Subject to and without waiving the objection, the flight in question operated between the CNMI

11    and Guam, thus subjecting it to rules and treaties governing international flights.

12

13         __Interrogatory No. 14__:    Please IDENTIFY all DOCUMENTS YOU contend support your

14    allegation that this civil action "arises under a treaty of the United States, specifically the

15    Warsaw Convention" as stated in Defendant's Notice of Removal filed previously with the

16    United States District Court for the Northern Mariana Islands and as alleged in YOUR Answer.

17         __Response to Interrogatory No. 14__:    Please refer to the Warsaw Convention and the

18    amendments and protocols thereto.

19

20         __Interrogatory No. 15__:    Please IDENTIFY all engineers, contractors, builders, and

21    subcontractors involved in the design, construction, and any modifications of the STAIRCASE,

22    or any other similar instrumentality used for disembarkation from or embarkation on to any of

23    YOUR aircraft.

24

25         __Response to Interrogatory No. 15__:   In terms of the stair being an individual component of

26    the aircraft, we do not know who "designed" or "built" the stair. The folding stair is an integral

27    part of the aircraft, which is presumably purchased and installed on the aircraft by the aircraft

28    manufacturer prior to the aircraft being delivered to a purchaser.     The stair has not to our

1   knowledge been modified from its original design and installation on the aircraft.

2

3       Interrogatory No. 16:   Please IDENTIFY each and every incident in which a PERSON

4   was injured in anyway while on-board, embarking, disembarking or waiting to embark or

5   disembark any of YOUR aircraft anywhere in the Mariana Islands (including Saipan, Tinian,

6   Rota and Guam) during the past 10 (ten) years.

7       Response to Interrogatory No. 16:   Defendant objects to this interrogatory on grounds

8   that it is overly broad as to scope and time frame.  Subject to and without waiving the objection,

9   please see the following information for embarkation and disembarkation incidents during the

10  past five (5) years:  Not applicable.

11

12      Interrogatory No. 17:   What is YOUR version of how the OCCURRENCE happened?

13      Response to Interrogatory No. 17:   Please refer to the statements of the eye-witnesses,

14  which have been disclosed and produced in discovery.  Nothing external to the passenger caused

15  or contributed to cause the incident.  Rather, Plaintiff failed to reasonably look out for his own

16  safety.

17

18      Interrogatory No. 18:   Please DESCRIBE IN DETAIL ALL FACTS which YOU

19  contend support your allegation that Plaintiffs' have failed to state a valid cause of action.

20  ///

21  ///

22  ///

23

24      Response to Interrogatory No. 18:   Please refer to the statements of the eye-witnesses,

25  which have been disclosed and produced in discovery and the answer to No. 17 above.  Since

26  Plaintiff Moses Fejeran has no valid claim or cause of action, Plaintiff Qianyan Fejeran has no

27  valid. derivative claim or cause of action

28

1       DATED: Hagåtña, Guam, April 5, 2006.

2  CARLSMITH BALL LLP

3

4                    DAVID LEDGER
                       Attorneys for Defendant

5                    Aviation Services (CNMI), Ltd.
                     dba Freedom Air

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF JOAQUIN FLORES

GUAM, U.S.A.

    I, Joaquin Flores, am *GENERAL MANAGER* of AVIATION SERVICES (CNMI), LTD. dba FREEDOM AIR and am authorized to make this Declaration.

    I have read the foregoing answers and objections to PLAINTIFF'S FIRST REQUEST FOR ANSWERS TO INTERROGATORIES and, to the best of my knowledge, the information stated therein is true and correct. The information necessary to prepare said responses was obtained from records maintained by Aviation Services (CNMI), Ltd. dba Freedom Air and elsewhere.

    I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

    DATED: April **3**_____, 2006.

JOAQUIN FLORES

4822-5162-7276.1

C:\Documents and Settings\3jmc\Local Settings\Temporary Internet Files\OLK13\Declaration of Joaquin Flores.doc

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 5th day of April 2006, I will cause to be served, via hand delivery, a true and correct copy of DEFENDANT'S RESPONSE TO PLAINTIFFS FIRST SET OF INTERROGATORIES; VERIFICATION to the following Counsel of record.

> David G. Banes, Esq.
> O'Connor Berman Dotts & Banes
> Second Floor, Nauru Building
> Post Office Box 501969
> Saipan, MP 96950

DATED: April 5, 2006.

DAVID LEDGER

4829-1288-4480.1.059303-00001

-10.-