**GEORGE L. HASSELBACK, Esq.**
O'Connor Berman Dotts & Banes
Second Floor, Nauru Building
P.O. Box 501969
Saipan, MP 96950
Telephone No. (670) 234-5684
Facsimile No. (670) 234-5683

Attorneys for Plaintiffs Moses T. and Qianyan S. Fejeran

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| MOSES T. FEJERAN and QIANYAN S. FEJERAN, | CIVIL ACTION NO.  05-0033 |
| Plaintiffs, | DECLARATION OF GEORGE L. HASSELBACK IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND COMPLAINT |
| vs. | |
| AVIATION SERVICES (CNMI), LTD. d.b.a. FREEDOM AIR, | Date : August 9, 2007 Time : 9:00 p.m Judge: Munson |
| Defendant. | . |

I, George L. Hasselback, declare under the penalty of perjury that the following is true and based upon my personal knowledge, except where noted otherwise, and if called to testify, I could do so competently:

1. In my capacity as an associate with O'Connor, Berman, Dotts & Banes (counsel of record for the Plaintiffs in the above-captioned matter), I contacted the attorneys in our Guam office to enquire as to their experiences with general issues of negligence as it applied to the aviation industry.  I was referred to a lawyer who specializes in aviation-related law exclusively.

2. I asked him about the "airworthiness doctrine" cited by Defendant's expert Richard Gill, explaining that Mr. Gill had testified that because the aircraft in question met the minimum FAA requirements for an "airworthiness certificate" and, in Mr. Gill's opinion, Defendant could not make any alterations to the aircraft, they were insulated from all liability for any design defects in the aircraft or its components.

3. He expressed surprise at this affirmative defense, telling me that it is, in fact, possible to make alterations in accordance with FAA guidelines and that there exist numerous other alternatives to utilizing the folding stairway from which Mr. Fejeran fell. In short, he explained that Mr. Gill's logic that once Freedom Air obtained an "airworthiness certificate" it was relieved of all responsibility for design defects in the aircraft was not legally or factually sound.

4. This attorney referred me to an aviation safety and regulatory expert. I have spoken briefly with this individual and his preliminary discussions with me indicate that the "airworthiness doctrine" as an affirmative defense (as espoused by Mr. Gill) simply does not exist. I have arranged to speak with him at more length about this, but was unable to schedule that conversation prior to the due date of this brief because the expert is currently in trial and deposition.

I declare under the penalty of perjury that the foregoing is true, correct and complete to the best of my knowledge.

Dated, August 2, 2007, Saipan, CNMI.

/s/_____
George L. Hasselback, Esq.