F I L E D
Clerk
District Court

AUG 1 7 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| MOSES T. FEJERAN, et. al., | Case No. CV-05-0033 |
| Plaintiffs, | |
| vs. | **AMENDED ORDER:** <br> **1) DENYING MOTION TO AMEND;** <br> **2) DENYING MOTION FOR** <br> **DISCOVERY; and** <br> **3) DENYING MOTION TO EXCLUDE** <br> **WITHOUT PREJUDICE** |
| AVIATION SERVICES CNMI, LTD., d.b.a. <br> Freedom Air, | |
| Defendant. | |

This matter came before the court on August 9, 2007, on the plaintiff's motion to amend, leave to conduct discovery, and motion to exclude evidence on the defendant's affirmative defense of air worthiness. *See* Notice of Motion to Amend Complaint, Etc., No. 55 (July 13, 2007). Attorneys David G. Banes and George L. Hasselback appeared on behalf of the plaintiff; attorney David P. Ledger appeared on behalf of the defendant.

The court, having considered the arguments of the parties, **DENIES** the plaintiff's motion to amend, **DENIES** the plaintiff's motion for discovery, and **DENIES WITHOUT PREJUDICE** on the plaintiff's motion to exclude evidence on the defendant's affirmative defense of air worthiness.

## I. MOTION TO AMEND AND MOTION FOR DISCOVERY

The timetable for amending pleadings is governed by Federal Rule of Civil Procedure 16 ("Rule 16 ") and the Case Management Scheduling Order, No. 9 (Nov. 30, 2005), which provides that "[a]ll motions to amend pleadings shall be filed on or before April 3, 2006." *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000) (explaining that once a pretrial scheduling order has been filed Rule 16 applies to motion to amend pleadings). Although the case management

scheduling order has been amended twice since the original order upon the stipulation of the parties, the deadline to file a motion to amend the pleadings was never altered.

Under Rule 16, the plaintiff must show good cause for not having amended the complaint before the deadline set in the case management scheduling order. "This standard 'primarily considers the diligence of the party seeking the amendment.'" *Id.* at 1294 (quoting *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607-09 (9th Cir. 1992). Here, the plaintiff asserts that the delay in his motion to amend is not due to the plaintiff's lack in diligence but rather due to the defendant's last minute assertion of an affirmative defense under the doctrine of air worthiness. The plaintiff asserts that the proposed amendment is necessary to counter the defendant's affirmative defense of air worthiness. The defendant, however, has not asserted any such affirmative defense.

At this point in the case, the trial has been delayed twice. The original trial date was scheduled for December 11, 2006. Upon the stipulation of the parties, the trial was rescheduled for August 17, 2007. The trial is now scheduled for September 24, 2007, just a little over six weeks from today. This case is the oldest pending civil case in the district. In the totality of the circumstances, such an amendment is not needed to counter a nonexisting affirmative defense but will unduly delay the trial and waste the resources of the court and the parties. Accordingly, the plaintiff's motion to amend the complaint is **DENIED**. Furthermore, the plaintiff's motion for discovery is **DENIED** as moot.

## II. MOTION TO EXCLUDE

The plaintiff asserts that the court should exclude evidence on the issue of air worthiness because the defendant failed to specifically plead the affirmative defense of air worthiness. The

//
//
//
//

2

defendant, however, has not pled the affirmative defense of air worthiness. Accordingly, there is nothing before the court to exclude or rule upon and the motion is denied without prejudice.

**IT IS SO ORDERED.**

**DATED** this _____ *17th* th day of August, 2007.


*Alex R. Munson*
ALEX R. MUNSON
U.S. District Court Chief Judge

3