1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I)  INTRODUCTION

To understand how meritless Defendant's Opposition to this Motion is, this Court need only compare Defendant's representations to the Court in this Opposition to Defendant's prior representations to the Court in its Opposition to Plaintiff's Motion to Amend.[1]   They both cannot be true and accurate.  Instead it is obvious that the former are in response to the Court's ruling that Defendant had not asserted any affirmative defense.  So now Defendant completely changes its story from it is an affirmative defense and already pled to it's not an affirmative defense.

**A.      Defendant Changes Its Story From "It Is An Affirmative Defense – Just Plaintiffs Were Too Stupid To Realize It", to "It Is Not An Affirmative Defense"**

Three weeks ago, in its Opposition to Plaintiffs' Motion to Amend, Defendant told the Court that the evidence it wants to offer about the airworthiness of its aircraft is an affirmative defense, that Defendant asserted this defense in its Answer,[2] and Defendant would have gladly revealed the facts underlying this  affirmative defense if only Plaintiffs had served written discovery asking about it (forgetting Plaintiffs in fact had).   The Court denied Plaintiffs' Motion to Amend finding that no such affirmative defense had been pled, despite Defendant's asserting that it had been.  Hence it is the law of the case that Defendant did not assert such a defense.[3]

---

[1] The Court will recall Plaintiffs filed that Motion to Amend in response to finding out during the deposition of Dr. Gill that Defendant was going to assert the so-called Airworthiness doctrine as a defense.

[2] Defendant told the Court that the Airworthiness doctrine was subsumed, or rather hidden under Defendant's Failure to State a Cause of Action Defense.

[3] Since it was never pled, Plaintiffs are not entirely clear what to label this defense.  Upon questions asked by Defendant of Plaintiffs' expert, Plaintiffs were led to believe this defense was labeled the "Airworthiness Doctrine". Hence the use of that term in Plaintiffs' Motion to Amend.  To be  clear, Plaintiffs were moving to exclude all evidence that Defendant will offer to prove 1) that because this aircraft was deemed "Airworthy" by the FAA, the stairway was automatically "safe" for purposes of a negligence claim, and 2) all evidence that Defendant will offer to prove that FAA regulations don't let it make changes to aircraft deemed "Airworthy" and this shields it from liability.  Curiously, Defendant had no problem with calling both groups of evidence the "Airworthiness Doctrine" before this Court ruled it had not plead any such defense, but now disagrees with that label.

So now, stuck with that ruling, Defendant represents to the Court that this is not an affirmative defense, but is merely evidence to rebut Plaintiffs' claim that the stairway is unsafe. Furthermore, now Defendant says that it did reveal this defense in response to an interrogatory by listing a witness (never mind that the witness was not listed as required by Rule 26, Fed. R. Civ. Pro., on its Initial or even Supplemental Disclosures and never mind that nothing about this defense was set forth in its discovery responses).  In other words, Defendant apparently willfully violated Rules 8(c) and 26(a)(1), by not disclosing the affirmative defense in its Answer, by not identifying the key witness to this defense in its Initial or Supplemental Disclosures, by failing to identify *any* relevant document related to this defense in its Initial Disclosures, by giving evasive and incomplete answers to discovery, and yet blame Plaintiffs for not "discovering" this defense.

**B.    Defendant Failed To Comply With Rules 8(c) And 26(a)(1) – They Had An Affirmative Duty To Give Plaintiffs "Fair Notice" Of This Defense.**

Not only is this an amazing display of chutzpah, it shows Defendant fundamentally does not understand the modern Federal Rules of Civil Procedure. These rules not only eschew trial by ambush, but more specifically Rule 26(a)(1), required Defendant to affirmatively disclose the key facts, witnesses and documents so that in fact even if Plaintiffs did no discovery at all, they would still be on notice as to the key elements of Defendant's case.  Here not only did Defendant fail to live up to this affirmative duty, it gave incomplete and evasive answers to discovery requests obviously hoping to ambush Plaintiffs at trail.

The simple and essential truth is Defendant did not put Plaintiffs on "fair notice" that it was going to assert a legal excuse (that airworthiness certification had ***any*** impact on a

negligence claim involving its aircraft) or any limitation on damages (Warsaw Convention) in their Answer as required by Fed. R. Civ. Pro. Rule 8 and Ninth Circuit precedent.[4]

**C.    Defendant Actively Misled Plaintiffs In Their Responses To Discovery**

As to Defendant's assertion that Plaintiffs were nonetheless on notice of such defense, Defendant did not assert either defense in response to written discovery nor did it produce any relevant document such as an FAA regulation or the like.  Finally not only did Defendant not list Mr. Brown in its Initial or Supplemental Disclosures (Defendant never explains why they did not), but the only persons listed were potential eyewitnesses and the only documents produced were those eyewitness reports and miscellaneous photographs.  Hence not only did Defendant impermissibly hide this defense from Plaintiffs, Defendant actively mislead Plaintiffs into thinking what its only defenses were.

Hence, Defendant's entire Opposition can be disregarded as it now admits by mute silence that the excuse provided by the Airworthiness Doctrine, or whatever Defendant wishes to label this affirmative defense,  was not plead in their Answer, no facts related to such defense were listed in their discovery responses and no person with knowledge related to the defense was listed as a witness in Defendant's Initial or Supplemental Disclosures.   Therefore, Defendant should not be allowed to assert any "avoidance" however labeled, at trial that is not explicitly set forth in their Answer.  Fed.R.Civ.Pro.Rule 8(c).

**II) ARGUMENT**

The evidence that Defendant wants to present at trial concerning an airworthiness rating of its aircraft (and the implications of that rating) constitute an "avoidance" that had to be disclosed as an affirmative defense.   Rule 8(c), Fed.R.Civ.Pro.    As it was not, and since Plaintiffs were never put on any "fair notice" of the affirmative defense, Defendant should not be

---

[4] *See e.g.* Wyshak v. Halies – *City National Bank*, 607 F.3l 824 (9th Cir. 1979)

allowed to present any testimony or evidence of this affirmative defense.  Furthermore, since the Warsaw Convention's limitations on recovery were not plead as an affirmative defense (and since that treaty has no application in this case anyway), evidence concerning it should also not be allowed.

Alternatively, the Court must give Plaintiffs an opportunity to cure the prejudice created by Defendant's violations of its obligations to disclose under the Federal Rules, namely Defendant should be ordered to: a) comply with the mandatory disclosure requirements of Rule 26 (a) (1) especially as to Initial disclosures b) supplement its prior responses to Plaintiffs' discovery requests and disclose "all facts", "all persons"  and "all documents"  related to its affirmative defenses and c) Plaintiffs should be allowed to amend Their Complaint in the form previously filed with the Court.  Then the trial must be continued to give Plaintiffs an opportunity to conduct discovery in response to this late disclosures, at the very least, Plaintiffs have to be allowed to depose Mr. Brown, retain an aviation expert - - at Defendant's expense - - and re-depose Mr. Gill.

## A)     Evidence Of Airworthiness And Its Implications Most Certainly Is An Affirmative Defense.

A great deal of Defendant's Opposition to Plaintiffs' Motion to Strike rests upon the notion that evidence presented to prove that it is excused from having unsafe stairs[5] absolved of liability because it holds an airworthiness certificate does not constitute an affirmative defense. On the contrary, Defendant contends, it is only evidence intended to rebut Plaintiffs' prima facie case.  This notion, stridently and repeatedly advanced by Defendant in its Opposition, is simply not accurate.   This is an affirmative defense because Defendant has told this Court it is an affirmative defense.  Moreover, it is plainly an "avoidance" under Rule 8(c) and should have

---

[5] Defendant's "safety" expert Dr. Gill admitted as much during his deposition.  See Banes Decl., para.

been plead as such.  Finally, since this is an affirmative defense and Plaintiffs were never given adequate notice of it, it should not be allowed to be presented at trial.

### 1)    Defendant already admitted this was an affirmative defense!

Defendant begins its Opposition by explaining to the Court that there is a "distinction between an affirmative defense and evidence to rebut elements of the Plaintiffs (sic) prima facie case" and insist that airworthiness is the latter.  Opposition at 1-2.  Plaintiffs will cut to the chase and simply ask that this Court compare the following:

> 1)   in its Opposition to Plaintiffs' Motion to Strike (at 11-12), Defendant repeatedly characterizes this evidence as an "affirmative defense" repeatedly and cites to case law concerning disclosure of "affirmative defenses,"
>
> 2)   in its Opposition to this Motion Defendant says "airworthiness is not an affirmative defense."  Opposition at 4.

Apparently, once this Court dispelled its misconception that it had sufficiently plead this defense already, Defendant suddenly wants this Court to think that its evidence regarding airworthiness is *not* an affirmative defense.  This Court should not countenance such duplicity.  Defendant properly characterized this as an affirmative defense before and it should be held to its previous representations.

### 2)    The testimony and evidence sought to be admitted at trial constitutes an affirmative defense.

Even if this Court were to entertain Defendants "new and improved" characterization of its airworthiness evidence, it still constitutes an affirmative defense.  Rule 8 (c) Fed. R. Civ. Pro. required Defendant to assert in its Answer "*any other matter constituting an avoidance* or affirmative defense" ) (emphasis added).  As more fully set forth *infra*, both Dr. Gill and Mr. Brown are expected to testify as they did in their deposition and declaration respectively, that *even if* the stairs are unsafe, Freedom Air could not make any changes to the stairs due  to some unstated FAA rule or regulation.  *See infra* at pp. 7-8.  This is an "avoidance" of liability and so

1  must be asserted in Defendant's Answer.[6]  Even Defendant's own cited to authority supports this

2  conclusion.  From page 4 of Defendant's Opposition:

3          Affirmative defenses plead matters extraneous to the plaintiffs prima facie case,
        which deny plaintiffs right to recover, *even if the allegations of the complaint are*
4       *true*.

5  *FDIC v. Main Hurdman,* 655 F. Supp. 259, 262 (E.D. Cal. 1987) (from page 4 of Defendant's

6  Opposition) (emphasis added).

7          Defendant will offer evidence of airworthiness to prove that FAA airworthiness equals

8  safety (it does, in fact, not)[7] and that even though the stairs are unsafe, Freedom Air ***couldn't do***

9  ***anything about the stairs if it wanted to*** (an affirmative defense).  Defendant is going so far to

10 convince this Court that "airworthiness" and "safety" are the same thing because Plaintiffs said

11 in previous briefs that the only defenses that Defendant disclosed in its Answer and discovery

12 responses were that the stairs were safe and that Mr. Fejeran was responsible for his fall.  This

13 Court implicitly agreed when it ruled that Defendant had not asserted any other defenses.  Faced

14 with this, Defendants take the absurd position that "airworthy" and "safe" are synonyms.  They

15 are not and this is either a significant misunderstanding of the terms, or a purposeful attempt to

16 mislead this Court.

17

18

19         **a.  Richard Gill doesn't say the stair is safe because it's airworthy.**

20         Defendant asserts that airworthiness and safety are synonymous.  But Dr. Gill will not

21 testify at trial that the subject stairs are safe.  He was specifically asked if in his opinion the stairs

22

23

24 [6] Instead of accepting that this is an avoidance, Defendant tries to shoehorn Airworthiness evidence into Plaintiffs'
   prima facie case.  This is extremely disingenuous as Plaintiffs' prima facie case is 1) duty, 2) breach, 3) direct and
25 proximate cause, and 4) damages.  Nowhere in Plaintiffs' prima facie case must they prove either that the aircraft
   was ***NOT*** airworthy or that FCC regulations allow Defendant to make changes to the stair.  Plaintiffs do not have to
26 prove these contentions as part of their prima facie case because ***they are avoidances and affirmative defenses***.

27 [7] *See Holliday v. Bell Helicopters Textron, Inc.,* 747 F.Supp. 1396, 1401 (D. Hawaii' 1990) (where that court held
   that FAA airworthiness requirements were only "minimum standards" of safety and did not "[immunize] from all
   liability under state tort law" aircraft manufacturers for defective aircraft).  In other words, an aircraft can be 100%
28 "airworthy" and still be found "unreasonably unsafe" in a negligence action.

were safe and he testified "they could've been safer". Instead Defendant hopes to avoid liability by having Dr. Gill testify as he did in his deposition that he was informed by Mr. Brown that Freedom Air is "not at liberty … to modify the stairs" due to some unstated FAA rule or regulation and because Defendant did not design the stairs.[8] *See* Banes Decl. para. 1, Gill Tr. at pp. 18-20, 23-24, 32 attached as Exhibit A to the Banes Decl. Similarly, nowhere in his report does he assert the stairs were safe. Put bluntly, his testimony will **NOT** rebut the central element of Plaintiff's prima facie case, that the stairs were unreasonably dangerous for their intended use. Instead his testimony will explain why Defendant is excused from making the stairs safe (which is of course an affirmative defense).

### b. Richard Brown says Defendant can't make changes *even if it wanted to.*

It is even more apparent that Mr. Brown's testimony is not intended to rebut evidence that the stairway was unsafe, but rather to ***excuse that unsafe condition***, thus constituting an affirmative defense. Mr. Brown in his declaration also *never says the stairs* are in his opinion, safe; rather, just like Dr. Gill, he opines that Freedom Air cannot many any changes: "I … have knowledge that Freedom Air is not permitted to alter the configuration of the aircraft or integral components of it simply because Freedom Air might conceive of a way to improve on the original design . . ." Brown Decl. para. 7, lines 24-27 .

### B. Plaintiffs Were Never On Notice That Evidence Of Airworthiness Would Be Presented To Disclaim Liability.

Defendant says discovery put Plaintiffs on notice that because it did not design the stairs and because of FAA regulations, Defendant cannot be liable and Plaintiffs failed to find out through discovery. In other words, Defendant is saying Plaintiffs had an obligation to uncover

---

[8] Significantly Defendant did not plead on affirmative defense failure to Join an Indispensable Party. In any case the manufacturer has gone out of business.

this defense by asking the right questions or deposing the right person, thus turning the obligations of disclosure under Rules 8(c) and 26(a)(1) on their heads .

To begin with, Defendant has not cited to any authority that Rule 8(c) can be satisfied if merely by identifying a witness not disclosed in its Initial or Supplemental Disclosures and only disclosing he has knowledge unrelated to this unstated affirmative defense.  Hence, Defendant has failed to meet its  burden that the identification of a witness in response to one interrogatory absolves Defendant from the requirement of Rule 8(c).  But even to the extent the Court were to consider this argument as valid, it is nonetheless meritless.  The Federal Rules have long ago gotten rid of ambush tactics by defendants who hide defenses in incomplete and evasive discovery responses.

### 1.  The Answer didn't put Plaintiffs on notice of any affirmative defense.

The first place to start is with the Answer and Rule 8(c) which required Defendant to assert "any avoidance or affirmative defense." Defendant now admits that evidence regarding airworthiness was not specifically plead as an affirmative defense in its Answer.[9] Considering that this Court has already ruled that Defendant has not plead any such affirmative defense, it is impossible to say that the Answer put Plaintiffs on any notice of any such affirmative defense.[10] So that is one score against Defendant.

### 2.  Defendant's Disclosures didn't put Plaintiffs on notice of any affirmative defense.

The next important document the Court should carefully review is Defendant's Initial Disclosures, not only for what it says but what it does not say.  Rule 26(a)(1) required Defendant

---

[9] Defendant never explains how this Opposition is compatible with its previous opposition in which they admitted it was an affirmative defense that was in fact pled.  Well, which one is it?

[10]  Significantly, Defendant also did not plead failure to join an indispensable party which would have put Plaintiffs on notice that Defendant was disclaiming responsibility for the aircraft's design and that Plaintiffs should have sued the airplane manufacturer.

to disclose any person with "discoverable information" that Defendant "may use to support its" "defenses" AND to identify "the subjects of the information" AND to disclose "a copy of, or a description by category and location of, all documents, data compilations, and tangible things" that Defendant may "may use to support its . . . defenses". Defendant admits (through their silence) that they did not disclose Mr. Brown. Instead Defendant only disclosed Freedom Air employees who might be eye-witnesses leading Plaintiffs to logically concluded that Defendant's defenses were limited to disputing how Mr. Fejeran fell. Score two against Defendant.

Likewise, the documents disclosed by Defendant did not put Plaintiff on notice of any affirmative defenses related to airworthiness or FAA regulations. Defendant disclosed 5 documents, 4 of which related to how Defendant believes Mr. Fejeran fell or was not injured. The fifth document is simply a series of photographs of the aircraft and the relevant stairs. No FAA document is disclosed. No Airworthiness Certificate is listed. Simply put there is nothing on Defendant's Initial Disclosures that put Plaintiffs on notice of anything other than Defendant was disputing how Mr. Fejeran fell and the extent of his injuries. Nothing was disclosed that would have put Plaintiffs on notice of any defense related to airworthiness or FAA regulations.

Defendant now says that Plaintiffs were put on notice of this defense when it produced after 1 ½ years of litigation, and just weeks before the end of discovery, Freedom Air's continuous Airworthiness Maintenance Program Manual. Again, it is not Plaintiffs' obligation to ferret out Defendant's facts related to its denial of liability; instead Defendant had an affirmative duty to put Plaintiffs on notice whether through Rule 8(c) or Rule 26(a)(1).[11] But more to the point, that Manual by itself did NOT put Plaintiffs on notice of anything. Given the affirmative

---

[11] If there is any doubt as to where the burden to disclose under Rule 26(a) lies, the Advisory Committee Notes to the 1993 Amendment of Rule 26 should clarify. There, the Committee commented that these are not suggested disclosures to be taken lightly, but rather they are the "functional equivalent of a court-ordered interrogatory".

defenses in its Answer, its Initial Disclosure particularly that Defendant's only witnesses were possible eye-witnesses to how Plaintiff fell, and Defendant's responses to written discovery and the past 1 ½ years of litigation, all that Manual meant to Plaintiffs  was Defendant keeps a log as to maintenance. Ok, so what? Put another way, if Defendant had at the same time amended its Initial Disclosure to not only identify Mr. Brown but give all the particulars he now puts in his Declaration, and if Defendant had amended its previous Interrogatory response to include something to the effect that Defendant is not liable because it did not design the stairs, it has an airworthiness certificate and FAA regulations prohibit changes to the stairway, then maybe Defendant's point would have some merit.  But they did not and shame on them for not doing so if they truly did know of this defense all along as they have represented to the Court.  Score three against Defendant.

### 3. Defendant's responses to discovery requests didn't put Plaintiff on notice of any affirmative defense.

Now, let us review Defendant's responses to Plaintiffs' written discovery requests. Plaintiffs asked Defendant three inter-related Interrogatories (Nos. 6-8) related to Defendant's denial of liability: 6) state ALL facts related to that denial; 7) identify ALL persons related to that denial; and 8) identify ALL documents related to the denial.  Defendant wants the Court to focus solely on response to No.7 and believe that by merely stating Mr. Brown's name Plaintiffs were now on notice of ALL that information now listed in his declaration.[12]    Hogwash.

### a. Defendant informed Plaintiff of "all facts" related to its denial of liability in response to Interrogatory 6.

---

[12] To the extent they may be so arguing, the Court need only compare Mr. Brown's Declaration listing all the "facts" he knows about with Defendant's response to Interrogatory No. 6.  Suddenly, there are all sorts of new facts that support their denial, none of which were provided in Defendant's response to Plaintiffs' interrogatory (specifically that Defendant "is not permitted to alter the configuration of the aircraft" – in other words that Defendant has a legal excuse for not making the stairs safe).

Well, what about the first one?  There it says that "all facts" that support of Defendant's denial constitute 1) that there was nothing wrong with the stairs (*i.e.* they were safe) and 2) all proper warnings and cautions were given.  So Defendant's response to Interrogatory No. 6 stated "all facts" related to its denial of liability, but ***nowhere*** does Defendant mention any facts about an airworthiness certificate, that another third party designed the stairs and FAA regulations do not permit changes to the stairs.  The response to this Interrogatory defined the parameters of what "all facts" meant, and, therefore, of what Plaintiffs could be fairly said to have been put on notice in subsequent responses.

    **b.  Defendant informed Plaintiffs of certain people who had knowledge of "all facts" related to this denial in Interrogatory 7, but DID NOT say they knew about anything beyond "all facts" previously listed.**

Next Defendant was asked to disclose all persons with knowledge related to the denial of liability.  Yes, Defendant does disclose Mr. Brown.  Defendant did not, however, inform Plaintiffs that Mr. Brown had knowledge of any facts other that "all facts" that related to Defendant's denial as listed in response to the previous interrogatory response.  It certainly did not disclose any of the facts as set forth in his recent declaration.  Furthermore, Mr. Brown was never listed as a person "with knowledge" in its Initial Disclosure so this is the only place where Defendant proffered Mr. Brown as having any knowledge of any relevant fact – the parameters of which were set forth in its Response to Interrogatory No. 6.  How could this be expected to put Plaintiffs on notice of any airworthiness related defense?  How could this be expected to put Plaintiffs on notice of any facts beyond "all facts" that support Defendant's denial as listed in response to the previous interrogatory?  Simply stated, it couldn't have.

Plaintiffs were not told that Mr. Brown had any knowledge of facts beyond the universe of "all facts" as identified in response to Interrogatory No. 6.  That Plaintiffs had a burden to depose Mr. Brown ***just in case*** he knew more than what Defendant had listed is not borne out by

the Rules.   The whole point of mandatory disclosures of witnesses under Rule 26 is the "[i]ndicating briefly the general topics on which such persons have information …***will assist other parties in deciding which depositions will actually be needed.***"   Advisory Committee notes tot the 1993 Amendment of Rule 26.   "The litigants should not indulge in gamesmanship with respect to the disclosure obligations."

Additionally, Plaintiffs do not have the same financial resources of a large insurance company, or even a local airline, so they much judiciously decide what depositions to take.   For example, Plaintiffs took the depositions of all 3 persons listed on Defendant's Initial Disclosures but only one person (Ms. Boddy) in fact witnessed Mr. Fejeran's fall.   As to the additional persons listed on Defendant's Supplemental Disclosures, Defendant had already represented to Plaintiffs they too did not see Mr. Fejeran fall.  So there was no need to depose them. So given the context of the disclosure of Mr. Brown as set forth in Defendant's Response to Interrogatory No. 6, Plaintiffs reasonably concluded Mr. Brown's knowledge was also limited to how Mr. Fejeran fell and was derivatively based on Ms. Boddy's incident report.

### c.  Defendant did not disclosed or provide any documents

Defendant also glosses over its response to Interrogatory No. 8 which required Defendant to identify all documents – Defendant does not disclose or produce any FAA regulation, or its Airworthiness Certificate or its airworthiness manual or any related document. Instead they only produce the supposed eye-witness reports, the very same documents produced in its Initial Disclosures.[13]   Importantly Defendant cannot truthfully say it did not consider the need to disclose FAA regulations because they did disclose other, non-relevant Federal regulations.

### d.  Mr. Brown should NOT be allowed to testify

---

[13]  Nor did Defendant's subsequent disclosure of the continuous "Airworthiness Maintenance Program" documents.

Defendant seeks to put blame on Plaintiffs for failing to take Mr. Brown's deposition yet it was Defendant who failed to list Mr. Brown as a witness in it's Initial or Supplemental Disclosures and did not reveal in its responses to Interrogatories that Defendant had a legal excuse for not making the stairs safe.  Score four against Defendant's argument.

Moreover, nor is the Rule 26(a) mandatory initial disclosures merely a formality, as "[i]f a party fails to make the requisite disclosures under [it], the party is generally prohibited …from using the undisclosed information."  *Manning v. Washington*, 2006 WL 3342211 (W.D.Wash 2006) (slip copy).  If a party fails to disclose something ***in its Initial Disclosures***, "or to amend a prior response to discovery as required by Rule 26(e)(2)" that party cannot "use as evidence at a trial…any information not so disclosed."  *Id. See* also *Wong v. Regents of the University of California*, 310 F.3d 1052, 1062 (9th Cir. 2005).  Finally, there is no confusion in who bears the burden of persuasion when considering if such a failure was justified or harmless, as "[e]xcluding evidence at trial as a sanction for failure to make timely disclosure under Rule 26(e)(1) is "***automatic and mandatory*** unless the party can show the violation is either justified or harmless (emphasis added and citation omitted)" *Green v. Baca*, 226 F.R.D. 624, 655 (C.D.Cal. 2005).  There was no initial disclosure of this evidence and nothing has put Plaintiffs on notice of it subsequently.  Therefore, this Court should not permit Mr. Brown to testify as to anything other than a. the stairs were safe and b. Mr. Fejeran fell due to his own fault.

**4.     Dr. Gill Admitted In His Deposition that His Report Did Not Say ANYTHING About the Airworthiness Doctrine**

Finally Defendant asserts Dr. Gill's report put Plaintiffs on notice.  Importantly, Dr. Gill himself testified nothing in his report states that Defendant cannot make changes to the stairway because of FAA regulations or the like. See Banes decl. para 7 and the Gill report came out after fact discovery was closed and just six days before the time for Plaintiffs to designate experts so even if it did, Plaintiffs were already prejudiced.

**5.     In Sum, Defendant Violated Rules 8(c) and 26(a)(1), Gave Incomplete Discovery Responses and Hid Mr. Brown.  Hence Defendant Should Not Be Allowed To Present Any Evidence Other Than The Stairs Are Safe And Mr. Fejeran Fell Due To His Own Fault**

In conclusion, airworthiness in the context of this case is an affirmative defense. It is an affirmative defense because Defendant told this Court it is an affirmative defense. Moreover, it is an affirmative defense because it fits the definition of an affirmative defense. Since this is an affirmative defense, it should be barred because (as this Court has already recognized) Defendant did not plead this affirmative defense in its Answer and nothing that it did subsequent to this answer put Plaintiffs on any notice of this affirmative defense. Therefore, it should not be allowed to be offered at trial.

**C.     The Warsaw Convention Has No Place In This Case.**

Finally, Defendant should be admonished for continuing to waste this Court's (and Plaintiffs') time with the thoroughly discredited proposition that the Warsaw Convention has ***any*** bearing upon this case. Plaintiffs will not re-argue what has already been beaten to death. *See* instead Plaintiffs' Reply Memorandum In Further Support of Motion to Amend. ***The parties did not, for purposes of the Warsaw Convention, have a contract for international travel and, therefore the convention DOES NOT APPLY.*** Plaintiffs demonstrates to this Court (by citation to 9th Circuit precedent), that by its own terms the Warsaw Convention does not consider a flight from Saipan to Rota and back "international." The FAA doesn't determine what the Warsaw Convention means. The DOT doesn't determine what the Warsaw Convention means. And certainly Defendant's employee Mr. Brown doesn't determine what the Warsaw Convention means.

The Ninth Circuit Court of Appeals ***does*** determine what the Warsaw Convention means and it has said that it does not apply in situations like the one at bar. *Sopcak v. Northern Mountain Helicopter Service*, 52 F3d 817, 819 (9th Cir. 1995), *Lee v. China Airlines*, 669 F.Supp. 979, 980 (C.D.Cal. 1987). That, and nothing that the Defendant offers, is binding upon

this Court.  The Warsaw Convention is irrelevant here and Defendant should pull its head out of the sand and realize it.

**D.      Alternatively, Plaintiffs Should Be Allowed An Opportunity to Cure the Prejudice**

Defendant correctly asserts that the Ninth Circuit has liberalized Fed. R. Civ. Pro. Rule 8(c)'s mandatory waiver as to allowing a party to amend its Answer to assert a new defense provided there is no prejudice.  This was set forth in Plaintiffs' Motion to Amend the Complaint.

However, Defendant then represents to the Court that an affirmative defense may be asserted anytime before a pretrial order is issued and since no pretrial order has been issued, Defendant may assert this defense.  Defendant cites for this novel proposition the Ninth Circuit decision of *Northwest Acceptance Corp. v. Lynwood Equip. Inc.*, 841 F. 2d 918, 924 (9th Cir. 1988).  Once again Defendant has been less than candid with the Court.  That decision has no such holding.  Instead, the *Northwest* decision noted that the pretrial order also did not include such affirmative defense and held that therefore the affirmative defense was waived.  ***The Court never said an affirmative defense can be raised for the first time in a pretrial order as Defendant suggests.***   If that were true, then Plaintiffs should have been allowed to amend their Complaint.

But more to the point, the time to amend pleadings has long ago passed according to the Court's Case Management Order.  Hence any motion to amend (which Defendant has anyway not made), would have to be made according to Rule 16, Fed. R. Civ. Pro.  The Court has already ruled that it is too late to amend any pleadings.  It would be grossly unfair to deny Plaintiffs an opportunity to amend – even though Plaintiffs were forthright enough to make a Motion – but allow Defendant to back-door evidence at trial of an affirmative defense not plead in their Answer.

Defendant then argues that if there is no prejudice, then an affirmative defense may be raised even if not in the Answer.  Defendant cites to *Towe Antique Ford Foundation v. IRS* 1991 WL 325792 (D. Mont.) (there an in limine motion to preclude evidence was denied).  That is accurate.  But what Freedom Air, understandably, fails to tell the Court is why that motion was denied:  The Court found that the defendant had "alluded to the defense" a year prior to trial and the Plaintiff "had knowledge of this defense since" at least "some five and one-half months (or more)" before trial and plaintiff was "granted leave to conduct further discovery" and so any prejudice "was cured". Id at *3.

Here, Plaintiffs found out for the first time the existence of this defense during the deposition of Defendant's expert taken just a few weeks after obtaining the report, and after fact discovery had closed and after the time for Plaintiffs to designate experts had also passed, after 1 ½ years of litigation and just weeks before trial.  Hence, Plaintiffs were denied the opportunity to conduct discovery of Richard Brown, the ability to prepare to take Defendant's expert deposition related to this defense  and most importantly the ability to retain an expert to counter this defense.  Moreover, if this defense had been timely asserted, Plaintiffs could have moved the Court earlier to amend its Complaint and so probably had the Motion granted.  Hence, Plaintiffs will be extremely prejudiced if the Court denies this Motion.

### III) CONCLUSION

For the foregoing reasons, Defendant should not be allowed to present any testimony, whether through Dr. Gill or Mr. Brown or anyone else, or any other evidence other than a. the stairs were safe and b. Mr. Fejeran fell due to his own inadvertence.  That is all that was pled in their Answer and their responses to discovery.  Certainly Defendant cannot present any evidence of excuse by claiming FAA regulations prevented them from making the stairs safe.

1

        Alternatively, Plaintiffs' prior Motion to Amend, to Continue Discovery and Extend

2

Time for Expert Designation must be granted.

3

4

Respectfully submitted on this 20th day of August, 2007.

5

6

                         O'CONNOR BERMAN DOTTS & BANES

7

                         Attorney for Plaintiffs Moses T. and Qianyan S. Fejeran

8

9

10

                         By: _____/s/_____

11

                              DAVID G. BANES.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28