1

**DAVID G. BANES, Esq.**

2

**O'Connor Berman Dotts & Banes**
**Second Floor, Nauru Building**

3

**P.O. Box 501969**
**Saipan, MP 96950**

4

**Telephone No. (670) 234-5684**
**Facsimile No. (670)234-5683**

5

6

**Attorneys for Plaintiffs Moses T. and Qianyan S. Fejeran**

7

**IN THE UNITED STATES DISTRICT COURT**

8

**FOR THE NORTHERN MARIANA ISLANDS**

9

10

| | |
|---|---|
| **MOSES T. FEJERAN and** ) | **CIVIL ACTION NO. 05-0033** |
| **QIANYAN S. FEJERAN,** ) | |

11

| | |
|---|---|
| ) | |
| **Plaintiffs,** ) | **DECLARATION IN FURTHER** |

12

| | |
|---|---|
| ) | **SUPPORT OF MOTION IN** |
| **vs.** ) | **LIMINE** |

13

| | |
|---|---|
| ) | |
| **AVIATION SERVICES (CNMI), LTD.** ) | |

14

| | |
|---|---|
| **d.b.a. FREEDOM AIR,** ) | **Judge: Munson** |

15

| | |
|---|---|
| ) | **Date:  August 21, 2007** |
| **Defendant.** ) | **Time:  9:30 a.m.** |

16

_____ )

17

18

I, David G. Banes, declare under the penalty of perjury that the following is true and

19

20

based upon my personal knowledge, except where noted otherwise, and if called to testify, I

21

could do so competently:

22

23

1.      Defendant asserts "airworthiness" and "safety" are synonymous. This is not

24

accurate. For example, Dr. Gill testified that the stairs "could be safe" but nonetheless

25

26

Defendant is excused from liability because FAA regulations prohibit it from modifying the

27

stairs.

28

1

1

2       2.     During his deposition, Dr. Gill admitted the stairs could have been "designed

3 safer" (Tr. p. 23, lines 21-23) and was specifically asked were the stairs safe. Dr. Gill replied

4 that ". . . I think there are things about the way they designed that, in my opinion from a safety

5 perspective, the design . . . could be altered and make [sic] them safer . . ." Tr. p. 25, lines 1-11.

6

7

8       3.     Dr. Gill was also asked how the stairs could be safer and he gave a list of issues

9 starting with the riser heights, tread depths, and the handrails. (Tr. p. 33, lines 14-25, p. 34, lines

10 1-4.).

11

12       4.     Dr. Gill was also specifically asked "is it your opinion that Freedom Air stairs

13 are reasonably safe despite the variation in tread and riser heights?"  And he testified that the

14 stairs "could've been designed safer" but the stairs are not Freedom Air's, they are "Short's

15 stairs" *i.e.,* the manufacturer's (Tr. p. 32, lines 21-25, p. 33, lines 1-5).

16

17

18       5.     Dr. Gill testified despite these unsafe conditions Freedom Air could not make any

19 changes to the stairs:

20              Freedom Air is not at liberty as I understand the FAA, to modify
              any infrastructure associated with the aircraft.
21

              \*\*\*
22              In other words, you can't go in – my understanding – and unbolt
23              the handrail and redesign a new handrail and bolt it on and undo all
              the stair treads and put different treads on with different spacing
24              and change welds and bolts.  That kind of structural change, I – my
              understanding is, you cannot do on an aircraft.
25

26

Tr. 18, lines 21-25, p. 19, lines 1-9, 11-14, p. 20, lines 17-24.

27

28

3189-01-070817-PL-DeclarationinFurtherSupportofMotioninLimine-mbc

6.    Dr. Gill however could not point to any FAA regulation to that effect, Tr. 21, lines 1-6, and his opinion was based on Mr. Brown's say-so and his own "understanding". Tr. 21, lines 18-25, p. 22, lines 1-7.

7.    Dr. Gill also admitted this "excuse" was not specified in his report:

Q.    Is there anywhere in your report in which you state that – in effect, that these stairs cannot be changed pursuant to FAA regulation?

A.    …. No, sir.

Tr. p. 24, lines 10-14.

8.    I attach the relevant pages of Dr. Gill's transcript as Exhibit A.

I declare under the penalty of perjury that the foregoing is true, correct and complete to the best of my knowledge.

Dated, August 17, 2007, Saipan, CNMI.

/s/_____
David G. Banes, Esq.

3