F I L E D
Clerk
District Court

AUG 21 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| MOSES T. FEJERAN, et. al., | Case No. CV-05-0033 |
| Plaintiffs, | |
| vs. | **ORDER GRANTING PLAINTIFF'S MOTIONS IN LIMINE** |
| AVIATION SERVICES CNMI, LTD., d.b.a. Freedom Air, | |
| Defendant. | |

This matter came before the court on August 21, 2007, on the plaintiff's motions in limine.[1] *See* Motion in Limine to Exclude Testimony or Evidence of Any Affirmative Defense Not Explicitly Stated in Their Answer, No. 69 (Aug. 10, 2007). Attorneys David G. Banes and George L. Hasselback appeared on behalf of the plaintiff; attorney David P. Ledger appeared on behalf of the defendant.

The court, having considered the arguments of the parties, **GRANTS** the plaintiff's motion to exclude evidence of any affirmative defense that the defendants have not pled, including the defense that the defendant is insulated from liability because it cannot make modifications to a Federal Aviation Administration ("FAA") certified airplane and any defense or limitation under the Warsaw Convention.

Pursuant to Federal Rule of Civil Procedure 8(c), any matter constituting an avoidance or an affirmative defense must be specifically pled by the defendant. The defendant has not done so and has not made a motion to amend its pleadings. Accordingly, the plaintiff's motion to exclude

---

[1] During the hearing, the plaintiff asserted that he had also made a motion under Federal Rules of Civil Procedures 8(c) and 26(a)(1) to exclude the testimony of Dr. Brown but no such motion has been received by the court.

evidence of any matter constituting an avoidance or an affirmative defense that the defendants have not pled is **GRANTED**.

An affirmative defense is "[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all the allegations in the complaint are true." Black's Law Dictionary (8th ed. 1999). A claim by the defendant that it is insulated from liability because it cannot make modifications to an FAA certified plane constitutes either an avoidance of liability or an affirmative defense. Accordingly, the plaintiff's motion to exclude evidence that the defendant is insulated from liability because it cannot make modifications to an FAA certified airplane is **GRANTED**.

Furthermore, the plaintiff's motion to exclude evidence to support any limitation of liability or defense under the Warsaw Convention is **GRANTED** for two reasons. First, the defendant did not plead any limitation of liability or defense under the Warsaw Convention. Second, the Warsaw Convention only regulates liability for the "international carriage of persons, baggage, or cargo performed by aircraft for reward." Article 1.2 of the Warsaw Convention states that:

> [I]nternational carriage means any carriage in which, according to the agreement between the parties, the place of departure and the place of destination, whether or not there be a break in the carriage or a transhipment, are situated either within the territories of two High Contracting Parties or within the territory of a single High Contracting Party if there is an agreed stopping place within the territory of another State, even if that State is not a High Contracting Party. Carriage between two points within the territory of a single High Contracting Party without an agreed stopping place within the territory of another State is not international carriage for the purposes of [the Warsaw] Convention.

Accordingly, because a flight within the United States with no agreed stopping place within

//
//
//
//
//
//

2

the territory of another State is not considered international carriage, the Warsaw Convention does not apply. The court, however, still has diversity jurisdiction over this case.

**IT IS SO ORDERED.**

**DATED** this 21st day of August, 2007.

                                                ALEX R. MUNSON
                                         U.S. District Court Chief Judge