**DAVID G. BANES, Esq.**
**O'Connor Berman Dotts & Banes**
**Second Floor, Nauru Building**
**P.O. Box 501969**
**Saipan, MP 96950**
**Telephone No. (670) 234-5684**
**Facsimile No. (670)234-5683**

**Attorneys for Plaintiffs Moses T. and Qianyan S. Fejeran**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN MARIANA ISLANDS**

| | | |
|---|---|---|
| MOSES T. FEJERAN and QIANYAN S. FEJERAN, | ) ) ) | CIVIL ACTION NO. 05-0033 |
| Plaintiffs, | ) ) ) | NOTICE OF MOTION AND MOTION IN LIMINE TO PREVENT DEFENDANT FROM CALLING MR. BROWN TO TESTIFY |
| vs. | ) ) | |
| AVIATION SERVICES (CNMI), LTD. d.b.a. FREEDOM AIR, | ) ) ) | Judge: Munson Date: N/A |
| Defendant. | ) ) | Time: N/A |

### I)  INTRODUCTION

Defendant never disclosed its proposed witness Mr. Richard Brown ("Mr. Brown") on its mandatory, pre-discovery disclosures pursuant to Rule 26(a). *See* Defendant's pretrial disclosures on file with this Court. Defendant never disclosed Mr. Brown on any of its supplemental pre-trial disclosures pursuant to Rule 26(e). *See* Defendant's supplemental pretrial disclosures on file with this Court. Defendant identified Mr. Brown as having knowledge of facts supporting two, specific and limited grounds upon which it was denying liability. *See* Defendant's responses to interrogatories attached hereto as "Exhibit A." Other than that, Defendants proffered no information regarding Mr. Brown, until they produced affidavits detailing significant factual knowledge on affirmative defenses that had never been disclosed

before. Plaintiffs moved to exclude any evidence supporting these undisclosed affirmative defenses (including these affidavits). On August 21, 2007, this Court granted Plaintiff's Motion, ordering that no such evidence could be presented at trial. This Court's August 21, 2007 Order at 1-2.

During oral argument on Plaintiff's Motion in Limine, Plaintiffs pointed out to the Court that they had requested in their Reply brief that Mr. Brown be prohibited from testifying because all of his proffered facts would be excluded if this Court excluded Defendant's affirmative defenses. Plaintiff's Reply Brief at 12-13. In this Court's Order, it found that Plaintiff's had not properly brought this issue before the Court. August 21, 2007 Order at footnote 1. Plaintiff now brings this Motion in Limine to preclude Mr. Brown from offering any testimony at trial. Alternatively, Plaintiffs move this Court to limit Mr. Brown's testimony to facts concerning the two discrete issues that he was disclosed to have in Defendant's responses to Plaintiffs' interrogatories.

## II) ARGUMENT

Mr. Brown should not be allowed to testify because he was never properly disclosed to Plaintiffs. Alternatively, he should not be permitted to testify to anything not disclosed in Defendant's responses to Plaintiffs' interrogatories.

**a) Mr. Brown was not properly disclosed and should not be allowed to testify.**

Rule 26(a) mandatory initial disclosures are not merely a formality, as "[i]f a party fails to make the requisite disclosures under [it], the party is generally prohibited …from using the

undisclosed information." *Manning v. Washington*, 2006 WL 3342211 (W.D.Wash 2006) (slip copy). If a party fails to disclose something *in its Initial Disclosures*, "or to amend a prior response to discovery as required by Rule 26(e)(2)" that party cannot "use as evidence at a trial…any information not so disclosed." *Id. See* also *Wong v. Regents of the University of California*, 310 F.3d 1052, 1062 (9th Cir. 2005). Finally, there is no confusion in who bears the burden of persuasion when considering if such a failure was justified or harmless, as "[e]xcluding evidence at trial as a sanction for failure to make timely disclosure under Rule 26(e)(1) is "***automatic and mandatory*** unless the party can show the violation is either justified or harmless (emphasis added and citation omitted)" *Green v. Baca*, 226 F.R.D. 624, 655 (C.D.Cal. 2005).

Mr. Brown was never disclosed in any mandatory Rule 26(a) disclosures or any Rule 26(e)(2) supplemental disclosures. Mr. Brown was always known to Defendant and the extent of his knowledge has always been known by Defendant. There was no reason for Defendant not to have listed him in their mandatory initial disclosures. He identity was not "discovered" by the Defendant during the discovery process and there is no excuse for Defendant's failure to disclose him. Therefore, he should be entirely prohibited from testifying at trial.

**b) If Mr. Brown is allowed to testify, he should be strictly limited to those facts that Defendant told Plaintiffs he possessed.**

During the discovery phase of this case, Plaintiff's asked Defendant what facts they had to support their general denial of liability. Defendants responded that 1) the stairway upon which Mr. Fejeran fell was safe and 2) that Mr. Fejeran was not paying attention and, himself,

caused the fall.[1]  Mr. Brown was listed as a witness *only* to facts pertinent to the stairs being safe and Mr. Fejeran causing his fall.  Therefore, Mr. Brown's testimony should be limited to those two, discrete subjects.

Plaintiffs asked Defendant three inter-related Interrogatories (Nos. 6-8) related to Defendant's denial of liability: 6) state ALL facts related to that denial; 7) identify ALL persons related to that denial; and 8) identify ALL documents related to the denial.  The answers given to these three interconnected interrogatories only put Plaintiffs on notice that Mr. Brown possessed knowledge of very specific facts.  He should only be permitted to testify to those particular facts and none other.

When asked in the first interrogatory to identify "all facts" supporting its general denial of liability, Defendant stated that "all facts" consisted of 1) that there was nothing wrong with the stairs (*i.e.* they were safe) and 2) all proper warnings and cautions were given.  This response defined the universe of "all facts" and defined it very narrowly.  The response to this Interrogatory defined the parameters of what "all facts" meant, and, therefore, of what Plaintiffs could be fairly said to have been put on notice in subsequent responses.

Next Defendant was asked to disclose all persons with knowledge related to the denial of liability.  Here Defendant discloses Mr. Brown.  Defendant did not, however, inform Plaintiffs that Mr. Brown had knowledge of any facts other that "all facts" that related to Defendant's denial as listed in response to the previous interrogatory response.  This is the only place where Defendant proffered Mr. Brown as having any knowledge of any relevant fact (the parameters of which were set forth in its Response to Interrogatory No. 6).  How could this be expected to put

---

[1] The interrogatories and responses thereto were attached to Defendant's Opposition to Plaintiffs' previous Motion in Limine.  Plaintiffs will refer this Court to that Exhibit so as not to waste any more resources than necessary with repetitive filing of exhibits.

Plaintiffs on notice of any facts beyond "all facts" that support Defendant's denial as listed in response to the previous interrogatory? Simply stated, it couldn't have.

At the very least, Mr. Brown should be completely barred from testifying to any fact other than those specific facts that Defendant told Plaintiff constituted "all facts" supporting its denial of liability.

### III) CONCLUSION

For the foregoing reasons, Mr. Brown should not be allowed to testify. If he is allowed to testify, his testimony should be limited to Defendant's assertions that 1) the stairs were safe and 2) that Mr. Fejeran is to blame for his fall.

Respectfully submitted on this 20th day of August, 2007.

O'CONNOR BERMAN DOTTS & BANES
Attorney for Plaintiffs Moses T. and Qianyan S. Fejeran


By: _____/s/_____
      DAVID G. BANES.