**DAVID G. BANES, Esq.**
**O'Connor Berman Dotts & Banes**
**Second Floor, Nauru Building**
**P.O. Box 501969**
**Saipan, MP 96950**
**Telephone No. (670) 234-5684**
**Facsimile No. (670)234-5683**

**Attorneys for Plaintiffs Moses T. and Qianyan S. Fejeran**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **MOSES T. FEJERAN and QIANYAN S. FEJERAN,** | **CIVIL ACTION NO. 05-0033** |
| Plaintiffs, | **NOTICE OF MOTION AND MOTION IN LIMINE TO RESTRICT THE TESTIMONY OF DEFENDANT'S EXPERT RICHARD GILL** |
| vs. | |
| **AVIATION SERVICES (CNMI), LTD. d.b.a. FREEDOM AIR,** | Judge: Munson |
| Defendant. | Date: N/A<br>Time: N/A |

## I)  INTRODUCTION

Defendant plans to call Richard Gill ("Mr. Gill") to testify as an expert witness. *See* Defendants final pre-trial disclosures. Considering that this Court has ruled that Defendant will not be permitted to present any affirmative defenses that it did not specifically plead in its Answer, the scope of relevant testimony that Mr. Gill potentially could offer has been severely limited. The portions of Mr. Gill's report that contain irrelevant information related to these excluded affirmative defenses should be stricken and his report redacted. Furthermore, Mr. Gill should not be allowed to testify to any opinions not contained within his expert report nor as to any excluded defense. Specifically, having never offered an opinion in his report that the

stairway was "safe" and having never supplemented this report, Mr. Gill should not be permitted to testify at the trial that the stairway in question was "safe."

## II) ARGUMENT

Mr. Gill's expert report should be stricken in part and redacted to remove all irrelevant opinions and he should not be permitted to testify that the stairway in question was "safe."

### a) Only two defenses remain available to Defendant.

This Court has already ruled that Defendant cannot present any evidence supporting any affirmative defenses that were not specifically plead in its Answer. *See* this Court's Order Granting Plaintiffs' Motion In Limine dated August 21, 2007. Specifically, this Court barred Defendant from offering any evidence supporting any avoidance of liability because of FAA regulation or the application of the Warsaw Convention. *Id.* Because of this ruling, the only defenses now available to Defendant are 1) that the stairs were safe (*i.e.* there is no breached duy) and 2) that Mr. Fejeran did not fall the way that he said he did (*i.e.* there is no causational link between a defect and Mr. Fejeran's injuries). With regard specifically to Mr. Gill, the only testimony of his that would be relevant would be testimony tending to prove either of those two defenses.

### b) Significant portions of Mr. Gill's report are now irrelevant and should be redacted.

Defendant was obligated to provide a written report from Mr. Gill that had to "contain a complete statement of all opinions to be expressed and the basis and reason therefore." Fed.R.Civ.P. 26(a)(2). Defendant did so. This report, a copy of which is attached hereto as "Exhibit A," contains six "opinions." They are:

1) Inadequate or defective maintenance was not a contributing factor to Mr. Fejeran's alleged stairway fall accident.

2) Improper deployment of the subject stairway was not a contributing factor to Mr. Fejeran's alleged stairway fall accident.

3) The manner in which Aviation Services was utilizing the subject stairway was not a contributing factor to Mr. Fejeran's alleged stairway fall accident.

4) The design of the stairway is typical for built-in or fixed stairways in commuter aircraft.

5) In his report, Dr. Perez claims that the 1985 Uniform Bulding Code (UBC) "requires" or "mandates" certain design parameters for stairways; however Dr. Perez's claims are misleading and/or factually erroneous.

6) Mr. Fejeran's alleged stairway fall accident was a result of his own interaction with the design of the subject stairway and not due to any atypical design/condition of the subject stairway, nor due to any unexpected or unusual condition or event.

Exhibit A at 2-3.  This report then goes into some detail regarding the basis for each of these "opinions."  *Id*.

***--Defendant's compliance with manufacturers instructions is an unplead affirmative defense and, therefore, barred by this Court's order.***

The first three opinions, (that ineffective and/or defective maintenance, deployment and use of the stairway was not a factor in Mr. Fejeran's fall) should be stricken from the report. Furthermore, the mention of such compliance in the sixth opinion should also be stricken from the report.  Mr. Gill explains that that "the subject stairway and its associated appurtenances were not maintained consistent with requirements as set forth by the aircraft manufacturer." Exhibit A at 2.  He also says that "[t]here is no evidence to support any allegation that the subject stairway was not deployed in a manner consistent with the manufacturer's specifications."  *Id.* Finally, he says that "[t]here is no evidence to support any allegation that the subject stairway was not utilized in a manner consistent with the manufacturer's intention."  *Id.* Any such

evidence of avoidance of liability because of compliance with manufacturer's specifications should be stricken and redacted from his report.

This is now irrelevant as Defendant is barred from presenting compliance with manufacturer's maintenance schedules, deployment instructions and/or intended uses as a defense. Furthermore, this case is about how safe the stairs were *as designed* and not how they well they were *maintained, deployed and/or used*. These opinions do nothing but set up a "straw-man" that has nothing to do with how the stairs were designed or how Mr. Fejeran fell (the only two defenses left). Any mention of compliance with manufacturer's guidelines will achieve nothing other than to confuse the jury with irrelevant opinion and all mention of it should be stricken.

*--Evidence that the stairways was "typical" of those used on such planes is merely a restatement of a barred affirmative defense.*

Mr. Gill's opinions that the stairways were of the "typical" sort used on this type of aircraft may have had some relevance in this case when the Defendant was planning on disclaiming liability because FAA regulations approved the aircraft for flight. However, now that that particular affirmative defense is unavailable at trial, Mr. Gill's assertions that these stairs are "typical" simply has no bearing upon whether or not they are safe. The opinion that these stairs are "typical" would only be relevant if the "typical" nature of those stairs would somehow insulate Defendant from liability. Since Defendant cannot use the FAA certification of the aircraft as a shield any longer, that these stairs were "common to that of most commuter aircraft with built-in fixed stairways" simply is no longer relevant. Opinion number four should be redacted from his report.

*--Since compliance with manufacturer's specifications and the stairway being "typical" are not relevant, Mr. Gill's ultimate conclusion has no basis and should be stricken and redacted.*

Mr. Gill concludes that since:

(1) the overall condition of the subject stairway was in compliance with the manufacturer's maintenance specifications; (2) the deployment of the subject stairway was in compliance with the manufacturer's specifications; (3) the subject stairway was deployed in a manner consistent with the manufacturer's recommendations; and (4) there was nothing atypical associated with the design/configuration of the subject stairway … Mr. Fejeran's alleged stairway fall accident was a result of his own interaction with the design of the subject stairway.

Exhibit A at 3-4. Put simply, because the "typical" stairway was maintained, used and deployed like the manufacturer suggests, Mr. Fejeran's fall somehow has to be his fault. However, as demonstrated above, the foundational conclusions upon which this sixth conclusion is based are no longer relevant to this case, and should be stricken and redacted from this report. Without such a foundation this final conclusion must topple. It too should be stricken and redacted from this report.

c) **Mr. Gill's report contained no opinions as to whether the stairs were safe and Defendant never supplemented this report.**

Furthermore, Mr. Gill should not be allowed to testify that the stairway in question was "safe." ***Nowhere in his report does Mr. Gill opine that the stairway was reasonably safe for its intended use.*** *See generally* Exhibit A. He does say that they are "typical." *Id.* He does say that Mr. Fejeran did not fall because of an "atypical" design. *Id.* He does not, however, say that this design, be it ever so "typical" is ***safe***. *Id.* Certainly the design of the fuel tanks of Ford Pintos were "typical" for that make and model of car, but that did not make that particular design ***safe.*** *See Grimshaw v. Ford Motor Co.,* 119 Cal.App.3d 757 (1981) (demonstrating that "typical" and "safe" are not synonymous in holding that "in a strict products liability case, industry custom or usage is irrelevant to the issue of defect"). Furthermore, Mr. Gill's report

5
3189-01-070904-PL-InLimineMotion(Gill)-glh

was never supplemented pursuant to Fed.R.Civ.P. 26(e)(1) to include any mention of whether or not he thought the stairs were "reasonably safe." Since he has never expressed an opinion in either his initial report or a supplemental report, Mr. Gill should not be allowed to testify that the stairs in question were "safe" when he takes the stand at trial.

### III) CONCLUSION

For the foregoing reasons, Mr. Gill's report should be redacted as requested. Furthermore, he should not be allowed to testify that the stairs in question were "safe."

Respectfully submitted on September 4, 2007

                    O'CONNOR BERMAN DOTTS & BANES
                    Attorney for Plaintiffs Moses T. and Qianyan S. Fejeran


                    By: _____/s/_____
                             DAVID G. BANES.